BATON COAL COMPANY

*v.*

G. THOMAS BATTLE, STATE TAX COMMISSIONER

(No. 12590)

Submitted January 24, 1967. Decided March 21, 1967.

*Spilman, Thomas, Battle & Klostermeyer, Robert S. Spilman, Jr.,* for appellant.

*C. Donald Robertson,* Attorney General, *Marshall G. West, Louise M. Barr,* Assistant Attorneys General, for appellee.

CALHOUN, PRESIDENT:

This case is before the Court on appeal by Baton Coal Company, a Pennsylvania corporation, from a final judgment of the Circuit Court of Kanawha County by which that court sustained an assessment by the State Tax Commissioner of taxes, of a type sometimes referred to as business and occupation taxes, against Baton Coal Company for the tax years 1959-63, inclusive, levied pursuant to Code, 1931, 11-13-2 and 11-13-2h, as amended, amounting to $7,455.71, plus penalties in the sum of $2,572.95.

On this appeal, Baton Coal Company which may be referred to hereafter in this opinion merely as Baton or as the taxpayer, contends that the nature of its business operations during the years in question was such that it was not subject to the tax or any part of the tax assessed against it; that the imposition of the tax creates an unconstitutional burden on inter-

state commerce; that, even if it is subject to taxation under the statute, the tax should be apportioned on the basis of the proportionate part of its activities performed within the State of West Virginia; and that, in any event, the penalty was improperly imposed.

The case was appealed to the circuit court and heard by it without a jury pursuant to the provisions of Code, 1931, 11-13-8, as amended. While testimony of two witnesses for the taxpayer was taken at the bar of the court, supplemented by numerous exhibits which were filed in connection with the testimony, there is no substantial dispute in relation to any material facts. The case was submitted for decision in this Court on the record made in the trial court and on briefs and oral argument of counsel.

The pertinent part of the statute pursuant to which the tax and penalties were imposed, Code, 1931, 11-13-2 and 11-13-2h, is as follows:

"(2) There is hereby levied and shall be collected annual privilege taxes * * *.

          *      *      *

"(2h) Upon every person engaging or continuing within this State in any service business or calling not otherwise specifically taxed under this law, there is likewise hereby levied and shall be collected a tax equal to one and five one-hundredths per cent of the gross income of any such business."

Baton Coal Company, having its principal office and place of business in Pittsburgh, is engaged in the business of furnishing managerial services and advice to coal mining companies in Pennsylvania and in West Virginia. During the tax years in question, it managed the operations of three companies in Pennsylvania and one in West Virginia. The West Virginia company was Joanne Coal Company, a West Virginia corporation, engaged in the operation of a coal mine at

Rachel in Marion County. This company will be referred to sometimes hereafter in this opinion merely as Joanne. The tax in question was levied on the gross earnings of Baton from managerial services and advice furnished to Joanne.

Charles B. Baton, a mining engineer residing in Pittsburgh, is the sole owner of George S. Baton and Company, a consulting engineering firm, having its principal place of business in Pittsburgh. This firm was employed by Baton from time to time in connection with its management of the Joanne coal mining operations.

All the stock of the Joanne corporation is owned by Sharon Steel Company, a Pennsylvania corporation, with its principal place of business at Sharon, Pennsylvania. Five officers of Sharon Steel Company were directors of Joanne. Additional directors of Joanne were Charles B. Baton and Robert Clark, who were president and sales manager, respectively, of Baton. Four officers or employees of Baton were made officers of Joanne so that they might sign checks and other papers at Baton's office in Pittsburgh in connection with the management of the coal mining operations of Joanne in West Virginia, but none of them received any compensation from Joanne.

By a written contract executed March 1, 1957, renewed on May 12, 1960, and renewed again on September 1, 1962, Baton agreed to manage the "business transactions and affairs" of Joanne. The contract, negotiated and executed at Sharon, Pennsylvania, provided that Baton should hire and discharge all employees, agents, servants and representatives of Joanne and fix their compensation. In the actual operations under the contract, however, Baton recommended the superintendent for employment by Joanne, but did not actually employ or fix the compensation of any of the Joanne employees. The mine foreman selected the miners and the superintendent selected all other employees. All Joanne employees,

including the superintendent, were carried on its payroll and paid by it.

Joanne carried and paid for workmen's compensation, paid F. I. C. A. taxes, deducted and remitted state and federal income taxes, maintained a pension plan for its employees, and paid taxes to the State of West Virginia, under the tax statute involved in this case, on the gross amount received by it from coal produced at its mine, amounting to more than a million tons a year. Since the tax was paid on the gross amount received by Joanne from the sale of coal produced at its mine, it follows, of course, that, in the computation of its tax, no deduction was made for the amount paid by it to Baton under the managerial contract. Baton paid a Pennsylvania corporate income tax on its earnings under its managerial contract with Joanne.

Baton performed no work and furnished no services in West Virginia except the work performed for and services furnished to Joanne. None of its officers, directors or employees resided in West Virginia. It maintained no office or place of business and owned no property in West Virginia.

In its Pittsburgh offices, Baton prepared Joanne's payrolls, made its checks, tax reports and tax returns and performed all other work of a clerical nature which is necessary or usual in the operation of a coal mining company. Periodically Baton's general manager, president, chief engineer, surveyor and safety director went to Rachel, West Virginia, to consult with and to advise Joanne's superintendent in relation to its coal mining operations. Charles S. Baton, in his testimony, estimated that these representatives of Baton, in the management of Joanne, spent fifteen percent of their working days in West Virginia and eighty-five percent of their working days in Pennsylvania. Other testimony disclosed that a relatively small portion of the managerial services performed for Joanne resulted from the physical presence of Baton's representatives within the State of West Virginia.

This case differs from other cases of similar character which previously have been before the Court for decision in that Baton, the taxpayer in this case, has no office, place of business or other base of business operations within West Virginia. In *Arslain v. Alderson,* 126 W. Va. 880, 30 S. E. 2d 533 and *State ex rel. Battle v. B. D. Bailey & Sons, Inc.,* 150 W. Va. 37, 146 S. E. 2d 686, the taxpayers had places of business within this state from which their business operations were conducted. We wish to make it clear, however, that Baton is not exempt from payment of the tax in question by reason of the fact that its offices and principal place of business are located outside West Virginia. In *James v. Dravo Contracting Co.,* 302 U. S. 134, 58 S. Ct. 208, 82 L. Ed. 155, 114 A. L. R. 318 (1937), and *Dravo Contracting Co. v. James,* 114 F. 2d 242 (C. C. A. 4, 1940), the Dravo Contracting Company, a Pennsylvania corporation, having its principal office and place of business at Pittsburgh, was held to be subject to a West Virginia tax computed on gross income earned from its contract with the United States for the construction of locks and dams in this state. The statute under which the tax was levied in that case provided for a tax upon the gross income of ''every person engaging or continuing within this State in the business of contracting, * * *.'' In similar language, the statute here involved provides for an annual privilege tax upon ''every person engaging or continuing within this State in any service business or calling not otherwise specifically taxed * * *.'' We believe the *Dravo* cases are authority for our view that whether a person, firm or corporation is engaging or continuing ''within this State'' in any service business or calling depends upon the facts and circumstances of the case. In the *Dravo* cases, a part of the taxpayer's gross income was held to be taxable and a part was held not to be taxable.

Constitutional and statutory provisions exempting property from taxation are strictly construed against the property owner. *In re Hillcrest Memorial Gar-*

*dens,* 146 W. Va. 337, pt. 2 syl., 119 S. E. 2d 753. We are not concerned here with an exemption from taxation. Rather we are required to determine whether Baton, during the years in question, was "engaging or continuing within this State in any service business or calling" within the contemplation of the statute and whether the tax was lawfully levied against it. In the circumstances of this case, we are mindful of the general rule that tax statutes are construed strictly against the taxing power and liberally in favor of the taxpayer. *State ex rel. Battle v. The Baltimore and Ohio Railroad Co.,* 149 W. Va. 810, 839, 143 S. E. 2d 331, 348, and cases there cited; *Thacker v. Crow,* 141 W. Va. 361, 365, 90 S. E. 2d 199, 202; 82 C. J. S., Statutes, Section 396, page 946.

No other case has been brought to our attention in which this Court has been called upon to decide whether a tax may be levied, under the statute involved in this case, upon a person, firm or corporation having no office, place of business or other base of business operations within the state and owning no property within the state. It is not necessary for us to decide, and, therefore, we do not undertake to decide, whether such a person, firm or corporation would not in any circumstances be subject to taxation under the statute. We merely decide that, in view of the comparatively meager business activity of Baton within West Virginia in the tax years in question, performed incidentally to the business in which it was engaged in Pennsylvania, Baton was not engaged in a service business or calling "within this State" under the provisions of Code, 1931, 11-13-2 and 11-13-2h, as amended.

For reasons stated in this opinion, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded to that court with directions to dismiss the proceeding pending therein.

*Reversed and
remanded with
directions.*