Jon A. BRINEGAR, Wapello County Assessor; and Dean A. Giltner, Member of the Wapello County Board of Supervisors, Appellees,

v.

IOWA DEPARTMENT OF REVENUE and Iowa State Board of Tax Review, Appellants.

No. 88–28.

Supreme Court of Iowa.

March 22, 1989.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and James D. Miller, Asst. Atty. Gen., for appellants.

Richard J. Gaumer of Webber, Gaumer, Emanuel & Daily, P.C., Ottumwa, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and SNELL, JJ.

LARSON, Justice.

Plaintiffs, Jon A. Brinegar and Dean A. Giltner, Wapello County Assessor and a member of the Wapello County Board of Supervisors, respectively, challenge an equalization order of the director of revenue entered under Iowa Code section 441.-47 (1985). The equalization order mandated a sixteen percent increase in the assessed valuations of certain agricultural land in Wapello County. The plaintiffs' challenge to the equalization order began with an appeal to the Iowa Director of Revenue, who affirmed the equalization order. Brinegar and Giltner, to whom we will refer collectively as Brinegar, appealed to the Iowa State Board of Tax Review, which affirmed the director's order. Brinegar sought judicial review in district court under Iowa Code section 17A.19.

The district court reversed the board on the ground that the department's rules concerning equalization procedures violated Iowa Code section 441.21(1)(f) by failing to consider the county's modern soil survey in entering the equalization order. The Iowa Department of Revenue and the Iowa Board of Tax Review, to whom we will refer collectively as the department, appealed to this court. We reverse and remand.

On appeal, the department raises two issues: (1) whether a county assessor and a county supervisor have standing to challenge the equalization order, and (2) whether the director's rule concerning equalization procedures is fatally flawed for failing to require consideration of the soil survey. We assume, for purposes of this opinion, that Brinegar has standing to challenge the equalization order but hold that his chal-

lenge must fail on its merits. We therefore address only the second issue.

Iowa Code section 441.47 requires the director of revenue, every two years, to order

the equalization of the levels of assessment of each class of property in the several assessing jurisdictions by adding to or deducting from the valuation of each class of property such percentage in each case as may be necessary to bring the same to its taxable value as fixed in this chapter and chapters 427 to 443.

This section also directs the adoption of "such rules as may be necessary to determine the level of assessment for each class of property in each county." The director adopted equalization rules, pursuant to section 441.47, which are found at 701 Iowa Administrative Code 71.12.

Brinegar argues that the rules are fatally flawed, however, because they do not require the department to consider a county's soil survey as required by section 441.-21(1)(f). That section provides:

In counties or townships in which field work on a modern soil survey has been completed since January 1, 1949, the assessor and the department of revenue and finance shall place emphasis upon the result of such survey in determining the productive and earning capacity of such agricultural property.

Wapello County is a county which has such a soil survey, but as the department concedes, the survey was not considered when the director entered the equalization order. Brinegar argues that the department thus violated section 441.21(1)(f) and the equalization order must be nullified. He argues that this section is clear in requiring the department to "place emphasis upon" the soil survey, and the statute provides for no exceptions.

The department counters that the purpose of equalization among counties would be frustrated if it were required to give emphasis to the soil survey because not all counties have them. The department argues that, while this section mandates consideration of the soil survey, this does not mean it must be used for all purposes.

There are other situations, not involving equalization, when reference to soil surveys would be helpful in assessing agricultural land.

Assessment and equalization are different concepts and they have different purposes and methods of determination.

[T]he distinction between assessment and equalization is crucial and well established:

Assessment is the act of placing a value for tax purposes upon the property of a particular taxpayer. Equalization, on the other hand, is the act of raising or lowering the total valuation placed upon a class, or subclass, of property in the aggregate. Equalization deals with all the property of a class or subclass within a designated territorial limit, such as a county, without regard to who owns the individual parcels making up the class or subclass. Assessment relates to individual properties; equalization relates to classes of property collectively.

*Board of Supervisors v. Department of Revenue*, 263 N.W.2d 227, 235–36 (Iowa 1978) (quoting *Lamm v. Barber*, 192 Colo. 511, 565 P.2d 538, 545 (1977)).

We agree with the department's interpretation of the statute. Consideration of soil surveys would assist in assessing individual properties, but it would frustrate the process of intercounty equalizations.

Despite the failure of section 441.21(1)(f) to provide an exception for equalization proceedings, we think this must have been the intent of the legislature. *See* Iowa Code § 4.4(3) (presumption that reasonable result of statute intended); *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 493 (Iowa 1985) (statute interpreted so as to "make sense."); *Welp v. Iowa Dep't of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983).

We hold that section 441.21(1)(f) does not require the director to consider the soil surveys in entering equalization orders under section 441.47, at least until all counties have such surveys available. Accordingly, we reverse and remand with directions to

reinstate the department's order for equalization.

REVERSED AND REMANDED.