**CONOCO, INC., Appellant,**

v.

**IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellee.**

**SWISS VALLEY FARMS CO., Appellant,**

v.

**IOWA DEPARTMENT OF REVENUE AND FINANCE, Appellee.**

90–1603.

Supreme Court of Iowa.

Nov. 20, 1991.

Richard A. Davidson of Lane & Waterman, Davenport, for appellants.

Bonnie J. Campbell, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Gerald A. Kuehn, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

In this judicial review proceeding we must decide whether the language of Iowa Code section 422.73(2) (1981) allows a corporate taxpayer to file for a refund more than three years after the original deadline for filing its return. For reasons that follow, we hold that it does. We reverse the decision of the district court and remand with directions.

The facts of this case were stipulated and so are undisputed.

Conoco, Inc. and Swiss Valley Farms Co. are corporations subject to taxation in Iowa. *See* Iowa Code § 422.33.

Iowa Code section 422.21 controls original filing deadlines for corporate tax returns. Under this provision, the original filing deadline for Conoco's 1981 tax return was April 30, 1982. The original filing deadline for Swiss Valley's 1981 tax return was June 15, 1982.

Each corporation filed an application with the Iowa department of revenue requesting an extension of time for filing their respective Iowa corporate income tax returns for 1981. *See* Iowa Code § 422.21; Iowa Admin.Code § 701–52.2(4).

The department approved both applications. Swiss Valley's time to file its return was extended to September 15, 1982. Conoco's filing deadline was extended to October 31, 1982.

Swiss Valley filed its return in a timely manner under the extension on July 26, 1982. Conoco did likewise on October 29, 1982.

On August 2, 1985, Conoco filed a claim for a refund under Iowa Code section 422.-73(2). Swiss Valley filed its refund claim on August 23, 1985. The department refused to pay these refunds because it considered them untimely under its interpretation of section 422.73(2).

Conoco and Swiss Valley then pursued separate administrative appeals. In each, the administrative law judge denied recov-

ery. Additionally, the judge found that section 422.73(2) permitted refunds only within three years of the original due date of a corporate income tax return. Because Conoco and Swiss Valley filed for refunds within the extension period, their claims were denied.

Conoco and Swiss Valley separately petitioned for judicial review. *See* Iowa Code § 17A.19. Because the issues to be decided in each case were identical, the appeals were consolidated. The district court affirmed the orders of the administrative law judge and dismissed the appeal. Thereafter, Conoco and Swiss Valley appealed.

■ Our review is governed by the Iowa Administrative Procedure Act. *See* Iowa Code § 422.29; Iowa Code ch. 17A. Under the Act when this court reviews a district court decision on the validity of an agency action, we ask only whether the district court has correctly applied the law. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987). If, after applying the standards of section 17A.19(8) to the agency action, our conclusion is the same as that of the district court, we must affirm. If our conclusion is different, we must reverse. *Id.* One of these standards is whether the decision is in violation of a statute. *See* Iowa Code § 17A.19(8)(a).

■ Interpretation of a statute is for the court. So we owe an agency only limited deference on statutory interpretation. *Norland*, 412 N.W.2d at 908.

Here the question is purely one of statutory interpretation. Does the statute of limitations for filing an application for refund in section 422.73(2) run from the original deadline for filing the return? Or, does it run from the date to which the extension is granted? We construe section 422.73(2) to mean the statute of limitations runs from the date to which the extension is granted.

■ Before reaching the reasons for our conclusion, we think several rules of statutory construction should be mentioned. Our primary goal is to determine legislative intent. When the words of a statute are not clear and plain, we resort to

rules of statutory construction to determine that intent. Iowa Code § 4.6. One such rule requires us to give the statute a reasonable construction that will best accomplish the statute's purpose. *Welp v. Iowa Dep't of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983). When construing a tax statute, we resolve doubt in favor of the taxpayer. *Id.* at 483–84. And when we are faced with a statute of limitations that is possible of two interpretations, we choose the interpretation favoring a longer period. *Id.* at 483.

Here we have a tax statute that includes a statute of limitations. It pertinently provides:

> If it shall appear that, ... an amount of tax, penalty, or interest has been paid which was not due under ... division ... III [Business Tax on Corporations] ..., then such amount shall be credited against any tax due, or to become due, under this chapter ... or such amount shall be refunded ... by the department. *A claim for refund or credit that has not been filed with the department within three years after the return upon which a refund or credit claimed became due, or within one year after the payment of the tax upon which a refund or credit is claimed was made, whichever time is the later, shall not be allowed by the director....*

Iowa Code § 422.73(2) (1981) (emphasis added) (italicized language appears in Iowa Code section 422.73(2) (1991)).

■ The critical words are "three years after the return upon which a refund or credit claimed became due." The department argues the phrase means three years from the date the return is originally required to be filed. In contrast, the corporate taxpayers argue the phrase means three years from the date to which the extension is granted.

The issue turns on the meaning of the word "due," which is not defined in chapter 422. The pertinent dictionary meaning of the word "due" is this: "required or expected in the prescribed, normal or logical course of events." *Webster's Third New International Dictionary* 699 (P. Gove ed.

1965). Under this definition, the interpretations given by both sides are reasonable. Under both interpretations, the return has a required filing date: the original filing date (as the department argues) and the date to which the extension is granted (as the corporate taxpayers argue).

Given these two reasonable interpretations, we have an ambiguity in the statute. Cf. A.Y. McDonald Indus., Inc. v. Insurance Co. of N. Am., 475 N.W.2d 607, 618 (Iowa 1991) (ambiguity in an insurance policy exists if there is a genuine uncertainty as to which one of two or more reasonable interpretations is the proper one). Applying the rules of statutory construction, we give the statute of limitations provision in section 422.73(2) an interpretation favorable to the corporate taxpayers.

Our research has yielded one case strikingly similar to this one. See Comptroller v. Diebold, Inc., 279 Md. 401, 369 A.2d 77 (1977). In Diebold, the Maryland statute of limitations on claims for tax refunds provided:

Any claim for a refund made under and pursuant hereto ... shall be filed within three years from the date the return was due to be filed.

Diebold, 279 Md. at 408, 369 A.2d at 81; Md.Ann.Code art. 81, § 310(b) (1977). The Maryland court concluded that this last quoted provision "clearly contemplated that limitations will run from the date of any extension." Id. In reaching its conclusion the court gave two cogent reasons:

Obviously, that part of [Code art. 81] section 310(c) which requires the State to pay interest on any refunds "... accruing from the date the return ... was due to be filed ..." would not be interpreted as requiring the payment of interest from the original due date[. R]ather [such language would be interpreted as requiring the payment of interest] from the date to which an extension has been granted.

Moreover, we have held that the Maryland income tax law is to be construed in a fashion conformable to the Internal Revenue Code to which it is inextricably keyed. To hold that limitations under the Maryland law are to be calculated in a manner other than that prescribed by the Internal Revenue Code, 26 U.S.C. § 6511(a) would produce the anomalous result that a refund of U.S. income taxes might not necessarily produce a refund of Maryland income tax, despite the fact that the Maryland [income] tax in some circumstances is predicated on the U.S. tax.

Diebold, 279 Md. at 408–09, 369 A.2d at 81–82 (citations omitted); but see Norfolk Holdings, Inc. v. Montana Dep't of Revenue, — Mont. ——, ——, 813 P.2d 460, 461 (1991) (statute provided that "[n]o refund ... shall be allowed ... with respect to the year for which a return is filed after 5 years from the last day prescribed for filing the return"; held that the italicized words did not include extensions).

We find the Maryland court's reasoning persuasive. Similarly, under Iowa law interest on refunds begins to run "on the first day of the second calendar month following the date of payment or the date the return was due to be filed or was filed, whichever is the latest." Iowa Code § 422.25(3). Clearly, in the case of an extension, "due to be filed" does not mean that interest on refunds is pegged to the original due date of the return. Rather, such words mean that interest on refunds is pegged to the date the return is required to be filed under the extension.

Like Maryland, in many instances Iowa's income tax law is expressly linked to the Internal Revenue Code. See generally Iowa Code ch. 422. For this reason, we too think Iowa's statute of limitations on refund claims should factor in extensions like the federal statute does. See 26 U.S.C. § 6511(a) (1988) ("claims for ... refund ... shall be filed by the taxpayer within 3 years from the time the return was filed"). Otherwise, the same facts that would produce a federal and state refund may ultimately result in the taxpayer receiving a federal refund but not the state refund. This to us would be unreasonable and unfair.

Here both corporate taxpayers filed their returns before their extension deadlines.

Both claims for refunds were filed less than three years from such deadlines. So both refund claims were filed in a timely manner. Because the district court ruled otherwise, we reverse and remand. On remand the district court shall enter an order consistent with this opinion and shall remand the case to the agency for further action likewise consistent with this opinion.

We have not addressed several other arguments the parties urge. Nevertheless we have carefully considered them and find they lack merit.

REVERSED AND REMANDED WITH DIRECTIONS.