413 S.E.2d 96

Betty L. LEE, Petitioner
Below, Appellee,

v.

WEST VIRGINIA TEACHERS RETIRE-
MENT BOARD; William M. Ansel, as
Executive Secretary Thereof; Gaston
Caperton, Governor of West Virginia,
as Ex Official Chairman of Said Board;
Henry R. Marockie, Charles Polan,
Thomas E. Loehr, Hanley Clark, Wil-
liam Marockie, Ruth M. Hurt, Joann
Beer, Billie Davis, and C.C. Albaugh, as
Members Thereof, Respondents Below,
Appellants.

Clarence E. BURDETTE, Petitioner
Below, Appellee,

v.

WEST VIRGINIA TEACHERS RETIRE-
MENT BOARD, et al., Respondents
Below, Appellants.

No. 19939.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 25, 1991.
Decided Dec. 11, 1991.

John O. Kizer, Charleston, for petitioners below, appellees.

James A. Swart, Sr. Asst. Atty. Gen., Charleston, for respondents below, appellants.

PER CURIAM:

This is an appeal by the West Virginia Teachers Retirement Board from orders of the Circuit Court of Kanawha County entered on July 24, 1990, which required the appellants to allow the appellees, Betty J. Lee and Clarence E. Burdette, retroactive participation in an Early Retirement Incentive Program. The appellant contends that the appellee did not comply with the requirements of participation in the program and should not be permitted to benefit therefrom. We agree and reverse the decision of the Circuit Court of Kanawha County.

I.

On March 12, 1988, the West Virginia Legislature passed House Bill 4672, W.Va. Code § 18–7A–35b, which instituted an Early Retirement Incentive Program for eligible members of the Public Employees Retirement System and the Teachers Retirement System. This initial March 12, 1988, legislation provided that a member wishing to participate in the program must retire by June 30, 1989.

Subsequently, on June 27, 1988, the Legislature passed Senate Bill 10, which amended W.Va.Code § 18–7A–35b and clarified the Legislative intent in promulgating the Early Retirement Incentive Program. Senate Bill 10 was made retroactive to March 12, 1988. Through Senate Bill 10, the retirement deadline was changed from June 30, 1989, to December 31, 1988, with certain exceptions. These exceptions applied to two classes of individuals and provided that all members seeking participation in the Early Retirement Incentive Program must retire on or before December 31, 1988, except "[1] [e]ligible, active, contributing members ... *employed under contract* and rendering services during the school year ... [1988–89] ... or [2] eligible, active contributing members employed, not under contract ... who are unable to retire by ... [December 31, 1988] because an element of eligibility for retirement, such as age or other element, will not be met until a date after ... [December 31, 1988] and before ... [July 1, 1989]...." W.Va.

Code § 18–7A–35b(b) (emphasis supplied). If an individual were encompassed within either of the statute's exceptions, that individual could postpone retirement until either immediately after the close of the contract period and the school year, in the case of those employed under contract, or until the date of fulfillment of the element of eligibility, retiring before June 30, 1989, in the case of those awaiting the fulfillment of such an element.

In the interim period between the March 12, 1988, legislation and the June 27, 1988, legislation, the appellees, by their individual letters dated June 17, 1988, indicated their intent to retire from the West Virginia Department of Education, a state agency. Both appellees indicated in their letters that they would retire by June 30, 1989.[1]

On October 31, 1988, appellee Lee submitted her application for retirement allowance and indicated a last day of service of December 31, 1988. Likewise, on December 9, 1988, appellee Burdette submitted his application for retirement allowance and indicated a last day of service of December 31, 1988. Mr. Burdette's application was returned to him prior to December 31, 1988, for the selection of an option for benefits. When that application was returned to the appellant in June 1989, Mr. Burdette had changed the intended retirement date from December 31, 1988, to June 30, 1989. Similarly, when Mrs. Lee's application was returned to her for the selection of an option, she returned it with the intended retirement date changed from December 31, 1988, to June 30, 1989.

When the appellees' applications were received in June 1989, both appellees were advised by the appellants' executive secretary, Willard M. Ansel, that they were ineligible for the Early Retirement Incentive Program based upon their failure to actually terminate their employment by December 31, 1988, as required by Senate Bill 10.

The appellees appealed that decision to the appellants' Board of Trustees on two separate occasions, and the Board of Trust-

ees, on both occasions, upheld the denial of early retirement incentive benefits to the appellees. The appellees then appealed the decision of the Board of Trustees to the circuit court. The circuit court entered orders dated July 24, 1990, in favor of the appellees. It is from those orders that the appellant now appeals.

## II.

▮▮▮ We have previously expressed our method of interpretation of statutes in syllabus point 3 of *Shell v. Bechtold,* 175 W.Va. 792, 338 S.E.2d 393 (1985) as follows:

" ' "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith." Syllabus Point 5, *State v. Snyder,* 64 W.Va. 659, 63 S.E. 385 (1908).' Syl. pt. 1, *State ex rel. Simpkins v. Harvey,* [172] W.Va. [312], 305 S.E.2d 268 (1983)."

We have also stated the following: " 'The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature.' Syl.Pt. 1, *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl.Pt. 2, *State ex rel. Fetters v. Hott,* 173 W.Va. 502, 318 S.E.2d 446 (1984). " 'In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation.' Syl.Pt. 3, *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl.Pt. 3, *State ex rel. Fetters,* 173 W.Va. 502, 318 S.E.2d 446.

---

1. Mr. Burdette was Assistant Superintendent of Schools, and Mrs. Lee was a staff employee, non-teaching member. Both appellees were regular, full-time employees of the State Board of Education whose work year began on July 1 and continued through the following June 30.

In the present case, the appellants contend that the lower court erred in the following manner: (1) permitting the appellees to be included within the "employed under contract" language when the Legislature intended that phrase to apply only to classroom school teachers rather than to full-time employees of the State Department of Education such as the appellees; (2) failing to recognize that the term "employed under contract" was a short-hand referral to the school personnel contracts provided in W.Va.Code § 18A–2–1, *et seq.*, which are required on a year-to-year basis, as opposed to the annual appointment of personnel such as the appellees by the State Board of Education; and, (3) contradicting the advice and procedure adopted by the appellants' Board of Trustees inasmuch as other contributing State agency members did retire and terminate employment by December 31, 1988, to avail themselves of the Early Retirement Incentive Program in accordance with the provisions of W.Va.Code § 18–7A–35b.

The appellants contend that the appellees were not "employed under contract" within the meaning of W.Va.Code § 18–7A–35b. Instead, the appellees served by "letter of appointment" from the State Superintendent. The appellants maintain that the Legislature was cognizant of the distinction between employees "employed under contract" and those employed under a "letter of appointment." Moreover, the appellants contend that the Legislature's intent in providing an exception for employees "employed under contract," i.e. teachers, was to prevent classroom teachers wishing to retire from being placed in the precarious position of having to retire by December 31, 1988, in the middle of the school year, in order to participate in the Early Retirement Incentive Program. Consequently, language was drafted which provided an extension of the deadline from December 31, 1988, to the end of the school year for classroom teachers, provided that they gave "notice to their respective county boards of education by ... [December 31, 1988]...." W.Va.Code § 18–7A–35b(b).[2]

On November 15, 1988, the Attorney General's Office issued a Letter Opinion to William K. Simmons, Chancellor of West Virginia Board of Regents and Dr. Tom McNeel, State Superintendent of Schools. In that letter, the Attorney General interpreted the statute to allow for the extension of termination of employment for teachers until the end of their contract. However, the letter specified that the Department of Education personnel employed by the State Superintendent were not working under contract but were employed by "letter of appointment." Consequently, Executive Secretary Ansel relied upon the advice of the Attorney General in advising regular, full-time employees of the State Department of Education that they must terminate their employment by December 31, 1988, in order to avail themselves of the benefits of the Early Retirement Incentive Program. Following that advice, sixty-one former employees terminated their employment by December 31, 1988, and the two appellees did not.

■ We agree with the appellants' interpretation of the statute and find that the language "employed under contract" does not include regular, full-time employees of the State Department of Education. The Legislature, in allowing an extension to the end of the school year, contemplated that such extension would prevent classroom teachers from having to choose between abandoning their classes in mid-year or participating in the Early Retirement Incentive Program. Regular, full-time employees, such as the appellees, were required to retire by December 31, 1988. The appellees failed to retire by that date and now contend that they are entitled to receive the benefits conferred through the Early Retirement Incentive Program despite their

---

**2.** The appellees suggest that they are entitled to Early Retirement Incentive Benefits even if they do not come within the "employed under contract" exception. However, their June 17, 1988, letters of intent to retire under the initial statute are not sufficient to constitute compliance with the requirements of the Early Retirement Incentive Program. It is not until all prerequisites are met, including the actual termination of employment, that an employee may reap the benefits of the statute.

noncompliance. We find no merit to the appellees' contentions.

Based upon the foregoing, we conclude that the lower court erred by ruling that the appellees should be permitted to participate in the Early Retirement Incentive Program of the West Virginia Teachers Retirement System. We therefore reverse the decision of the Circuit Court of Kanawha County.

Reversed.