464 S.E.2d 757

**DORAN & ASSOCIATES, INC.,**
**Plaintiff Below, Appellee,**

v.

**James PAIGE, III, Individually and as State Tax Commissioner of the State of West Virginia and as Secretary, Defendant Below, Appellant.**

No. 22852.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 20, 1995.

Decided Oct. 27, 1995.

Darrell V. McGraw, Jr., Attorney General, Stephen B. Stockton, Assistant Attorney General, Charleston, for Appellant.

James M. Sturgeon, Jr., Jay M. Potter, Pauley, Curry, Sturgeon & Vanderford, Charleston, for Appellee.

Louis S. Southworth, II, John A. Mairs, Jackson & Kelly, G. Thomas Battle, Spilman, Thomas & Battle, Herschel H. Rose, III, Rose & Atkinson, Gordon C. Lane, Gordon Lane & Associates, Robert E. Magnuson, Charles O. Lorenson, George, Ferguson & Lorenson, Charleston, for West Virginia Chamber of Commerce, amicus curiae.

Michael E. Caryl, Bowles, Rice, McDavid, Graff & Love, Martinsburg, for West Virgi-

nia Society of Certified Public Accountants, amicus curiae.

McHUGH, Chief Justice:

James H. Paige, III, Tax Commissioner of the State of West Virginia (hereinafter "Commissioner") appeals an order dated October 14, 1994 in which the Circuit Court of Kanawha County ruled that appellee Doran & Associates, Inc. is entitled to a corporate net income tax refund because it filed a claim for refund within three years after it filed its return pursuant to an extension of time to file. This Court has before it the petition for appeal, all matters of record and the briefs and arguments of counsel. For the reasons stated below, the order of the circuit court is affirmed.

I

The facts in this case have, for the most part, been stipulated by the parties. On September 13, 1985, appellee Doran & Associates, Inc. (hereinafter "taxpayer"), a corporation with principal offices in Pittsburgh, Pennsylvania, timely filed Internal Revenue Service Form 7004, "Application for Automatic Extension of Time to File Corporate Income Tax Return." I.R.S. Form 7004 automatically extended the due date of the taxpayer's federal and West Virginia corporate net income tax returns for the fiscal year ending June 30, 1985 from September 15, 1985[1] to March 17, 1986. *See* 26 U.S.C. § 6081(b) (1988).[2]

Pursuant to the automatic extension, the taxpayer timely filed both its federal and West Virginia corporate net income tax returns on March 17, 1986. On March 15, 1989, three years after the taxpayer filed its returns pursuant to the automatic extension, but more than three years after the original September 15, 1985 due date of the return, the taxpayer filed amended federal and West Virginia corporate net income tax returns after certain errors were discovered in connection with the returns. The taxpayer's amended West Virginia return indicated that appellee had overpaid its state tax obligations in the amount of $1,330.00. Accordingly, under *W.Va.Code*, 11–10–14(c) and (h) [1978],[3] the amended West Virginia return constituted a claim for refund.[4]

1. *W.Va.Code*, 11–24–13 [1985], the statute in effect during the period in question, provided: "On or before the fifteenth day of the third month following the close of a taxable year, an income tax return under this article shall be made and filed by or for every corporation subject to the tax imposed by this article."

2. 26 U.S.C. § 6081(b) (1988) provides, in relevant part:

**(b) Automatic extension for corporation income tax returns**

An extension of 3 months for the filing of the return of income taxes imposed by subtitle A shall be allowed any corporation if, in such manner and at such time as the Secretary may by regulations prescribe, there is filed on behalf of such corporation the form prescribed by the Secretary, and if such corporation pays, on or before the date prescribed for payment of the tax, the amount properly estimated as its tax[.]

As the facts indicate, taxpayer was granted a six-month automatic extension even though the statute authorizes a three-month extension. However, the length of the extension is not at issue. *See also W.Va.Code*, 11–24–18(a) [1967] ("The tax commissioner may grant a reasonable extension of time for payment of [corporation net income] tax … or for filing any return [.]")

3. *W.Va.Code*, 11–10–14(c) [1978] provides:

*Claims for refund or credit.*—No refund or credit shall be made unless the taxpayer has timely filed a claim for refund or credit with the tax commissioner. A person against whom an assessment or an administrative decision has become final shall not be entitled to file a claim for refund or credit with the tax commissioner as prescribed herein. The tax commissioner shall determine the taxpayer's claim and notify the taxpayer in writing of his determination.

*W.Va.Code*, 11–10–14(h) [1978] provides:

*Forms for claim for refund or a credit; where return shall constitute claim.*—The tax commissioner may prescribe by rule or regulation the forms for claims for refund or credit. Notwithstanding the foregoing, where the taxpayer has overpaid the tax imposed by … [§ 11–21–1 et seq. or § 11–24–1 et seq.] of this chapter, a return signed by the taxpayer which shows on its face that an overpayment of such tax has been made shall constitute a claim for refund or a credit.

4. Taxpayer's amended federal return likewise constituted a claim for refund and was timely filed pursuant to 26 U.S.C. § 6511(a) (1988). 26 U.S.C. § 6511(a) (1988) provides, in relevant part: "Claim for credit or refund of an overpayment of any tax imposed by this title … shall be filed by the taxpayer within 3 years from the time the return was filed[.]" 26 U.S.C. § 6513(a)

In a letter dated May 24, 1989, the West Virginia State Tax Department denied the taxpayer's claim for refund on the ground that it was not filed within the limitations period provided in *W.Va.Code,* 11–10–14(*l* )(1) [1978]. *W.Va.Code,* 11–10–14(*l* )(1) [1978] states, in pertinent part: *"Limitation on claims for refund or credit.*—(1) General Rule.—Whenever a taxpayer claims to be entitled to a refund ... of any tax ... such taxpayer shall ... file his claim *within three years after the due date of the return* in respect of which the tax was imposed[.]" (emphasis added).

Within sixty days of the denial of the taxpayer's claim for refund, the taxpayer submitted to the Commissioner a Petition for Reassessment, pursuant to *W.Va.Code,* 11–10–14(d) [1978]. Following a hearing on the matter, the hearing examiner denied the taxpayer's claim for refund, concluding that the due date of the tax return is to be "determined without regard to any authorized extension of time for filing the return [and] is the date from which the [three-year] statute of limitations commences to run for filing a refund claim." *See W.Va.Code,* 11–10–14(*l* )(1) [1978]. The hearing examiner's decision would have required the taxpayer to have filed its claim within three years of the September 15, 1985 due date, rather than within three years of the March 17, 1986 extended due date.

The taxpayer subsequently appealed the administrative decision in the Circuit Court of Kanawha County. In an order dated October 14, 1994, the circuit court concluded that under *W.Va.Code,* 11–10–14(*l* )(1) [1978], the taxpayer was required to file its claim for refund within three years of the March 17, 1986 extended due date of the return and not within the original September 15, 1985 due date. Thus, since the taxpayer did, in fact, file its claim for refund within three years of the March 17, 1986 extended due date, it was entitled to a corporate net income tax refund in the amount of $1,330.00 plus ten percent interest thereon from December 30, 1991. It

is from this order that the Commissioner now appeals.

II

The issue before this Court is whether a refund claim must be filed within three years after the original statutory due date of the return or whether the three-year limitations period begins to run from the automatically extended due date of the return. As indicated above, the statute at issue, *W.Va.Code,* 11–10–14(*l* )(1) [1978], fixes the limitations period for filing a refund claim at "three years after the due date of the return." Considering that the "due date of the return" in this case, originally September 15, 1985, was extended to March 17, 1986, we find *W.Va.Code,* 11–10–14(*l* )(1) [1978] to be susceptible to more than one reasonable interpretation.

In order to resolve the ambiguity which exists in *W.Va.Code,* 11–10–14(*l* )(1) [1978], this Court must resort to the rules of construction. *See Hechler v. McCuskey,* 179 W.Va. 129, 132, 365 S.E.2d 793, 796 (1987). As we previously held in syllabus point 2 of *Francis O. Day Co. v. Director, D.E.P.,* 191 W.Va. 134, 443 S.E.2d 602 (1994):

' " 'The primary object in construing a statute is to ascertain and give effect to the intent of the legislature.' Syl.Pt. 1, *Smith v. State Workmen's Compensation Comm.,* 159 W.Va. 108, 219 S.E.2d 361 (1975)." Syl.Pt. 2, *State ex rel. Fetters v. Hott,* 173 W.Va. 502, 318 S.E.2d 446 (1984).' Syllabus point 2, *Lee v. West Virginia Teachers Retirement Board,* 186 W.Va. 441, 413 S.E.2d 96 (1991).

■ Ordinarily, legislative intent may be ascertained by considering the applicable statute in the context of the entire statutory scheme to which it relates. *See* syl. pt. 3, *Boley v. Miller,* 187 W.Va. 242, 418 S.E.2d 352 (1992) (" 'Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments.' Syllabus Point 3, *Smith v.*

---

(1988) provides, in relevant part, that "[f]or purposes of section 6511, any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day." According

to the taxpayer, upon receipt of its claim for refund, the federal government promptly issued the taxpayer a refund.

*State Workmen's Compensation Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975).") In the present case, however, other provisions of the West Virginia Tax Procedure and Administration Act, *W.Va.Code,* 11–10–1, *et seq.* (hereinafter "the Act"), of which *W.Va.Code,* 11–10–14(*l* )(1) [1978] is just one, merely add to the ambiguity which exists in *W.Va.Code,* 11–10–14(*l* )(1) [1978]. Specifically, our examination of the Act reveals several provisions in which the legislature explicitly and, thus, unambiguously, directs that an extension of time, in some instances, be considered and in other instances, be disregarded. For example, *W.Va.Code,* 11–10–15(a) [1986], regarding assessment of taxes, provides, in pertinent part:

> *General rule.*—The amount of any tax, additions to tax, penalties and interest imposed by this article or any of the other articles of this chapter to which this article is applicable shall be assessed *within three years after the date the return was filed (whether or not such return was filed on or after the date prescribed for filing)* [.]

(emphasis added).

Similarly, *W.Va.Code,* 11–10–18(a)(1) [1986], regarding a taxpayer's failure to file a tax return or pay tax due, provides, in relevant part:

> In the case of failure to file a required return of any tax administered under this article *on or before the date prescribed for filing such return (determined with regard to any extension of time for filing)* ... there shall be added to the amount required to be shown as tax on such return five percent of the amount of such tax if the failure is for not more than one month, with an additional five percent for each additional month or fraction thereof during which such failure continues, not exceeding twenty-five percent in the aggregate[.]

(emphasis added).

Even more significant is the language contained in *W.Va.Code,* 11–10–17(a) [1986], regarding underpayment of taxes, which states, in relevant part:

*Underpayments.*—If any amount of a tax administered under this article is not paid on or before the last day prescribed for payment, interest on such amount at the rate of eight percent per annum shall be paid for the period from such last date to the date paid.... *For purposes of this subsection, the last date prescribed for payment shall be the due date of the return and shall be determined without regard to any extension of time for payment.*

(emphasis added). In the above-mentioned *W.Va.Code,* 11–10–17(a) [1986], the legislature unequivocally provided that "the due date of the return" be "determined without regard to any extension of time for payment" for purposes of underpayment of taxes. Though the legislature employed the identical phrase, "the due date of the return," in *W.Va.Code,* 11–10–14(*l* )(1) [1978], the statute at issue in this case, it failed to add the words "and shall be determined without regard to any extension of time for payment" as it did in *W.Va.Code,* 11–10–17(a) [1986]. We find the absence of such clarification in *W.Va.Code,* 11–10–14(*l* )(1) [1978] to further contribute to the ambiguity therein.[5]

The Commissioner contends that an historical analysis of *W.Va.Code,* 11–10–14(*l* )(1) [1978], in light of the history of the corresponding federal statute, 26 U.S.C. § 6511(a) (1988), reveals that our legislature obviously intended "due date of the return" to mean the original statutory due date. We do not find the legislature's intention to be so obvious.

In 1954, the United States Congress enacted 26 U.S.C. § 6511(a), which expressly provided that a claim for refund "shall be filed by the taxpayer within 3 years *from the time the return was required to be filed (determined without regard to any extension of time)*[.]" (emphasis added). When this version was amended in 1958, in an effort to correlate the limitations period for refund claims with the limitations period for assessment of taxes,[6] the United States Senate Committee on Finance explained, *inter alia:*

---

5. Indeed, the fact that the legislature specifically provided that an extension of time to file be either considered or disregarded in the aforementioned provisions of the Act is especially sig-

nificant in that the words "due date of the return" are not defined anywhere else in the Act.

6. *See* 26 U.S.C. § 6501(a) (1988).

*Section 86—Limitations on credit or refund*

*(a) Period for filing claim.—Under present law* a claim, to be valid, must in general be filed within 3 years *from the due date of the return, without regard to any period of extension granted for the filing of the return* (or within 2 years from the time of tax payment, whichever is later). However, *the rule with respect to assessments* is that the period of limitation is 3 years *from the date the return was actually filed, whether or not filed when it was due.* To correlate these rules the House bill (by amending § 6511(a)) provides that a claim for refund or credit of any tax may be filed within 3 years from the time the return was actually filed (or, as under present law, within 2 years from the time of payment, whichever is later). Your committee has accepted this change.

S.Rep. No. 1983, 85th Cong., 2d Sess. 1019–20 (1958), *reprinted in* 1958 U.S.C.C.A.N. 4887 (emphasis added). Thus, 26 U.S.C. § 6511(a) (1988) was changed and currently provides that a "[c]laim for credit or refund of an overpayment of any tax ... shall be filed by the taxpayer within 3 years *from the time the return was filed* [.]" (emphasis added).

In comparison, the West Virginia legislature, in 1967, amended *W.Va.Code,* 11–1–2a, the predecessor to what is now *W.Va.Code,* 11–10–14(*l*). *W.Va.Code,* 11–1–2a(1) [1967], which contained language similar to that which is found in the current version of 26 U.S.C. § 6511(a) (1988), provided, in relevant part, that "any taxpayer claiming to be aggrieved through being required to pay any tax ... may, within five years *from the date of the filing of the return* [,] ... file ... a petition in writing to have refunded to him any such tax[.]" This language was changed in 1978 when *W.Va.Code,* 11–1–2a [1967] was amended and reenacted as *W.Va.Code,* 11–10–14(*l*) [1978]. As indicated earlier, *W.Va. Code,* 11–10–14(*l*)(1) [1978], as amended, now provides that a refund claim must be filed

"within three years after the due date of the return[.]"

The Commissioner places great significance on the change in the statutory language from "the date of filing of the return" to "due date of the return[,]" particularly, the fact that the present language "due date of the return" is the same language the Senate Finance Committee used in, describing the *former* federal statute, which calculated the limitations period "without regard to any period of extension granted for the filing of the return[.]" *See* S.Rep. No. 1983, *supra.* Thus, it is the Commissioner's contention that, by employing the present language of *W.Va.Code,* 11–10–14(*l*)(1) [1978] ("due date of the return"), our legislature intended that the due date of the return be determined without regard to any extension of time to file.

We do not agree with the Commissioner's position. In both the 1954 version of 26 U.S.C. § 6511(a) and the Senate Finance Committee's report on the changes being made therein, it was expressly stated that the date the return was due to be filed was to be determined without regard to any extension of time to file. This express language is noticeably absent in the present version of *W.Va.Code,* 11–10–14(*l*)(1) [1978]. In light of the fact that our legislature enacted other provisions in the West Virginia Tax Procedure and Administration Act, *W.Va.Code,* 11–10–1, *et seq.,* which, in some instances, explicitly direct that an extension of time be considered and in other instances, that such extension be disregarded,[7] but failed to include similarly explicit language in *W.Va. Code,* 11–10–14(*l*)(1) [1978], we are further convinced that *W.Va.Code,* 11–10–14(*l*)(1) [1978] is ambiguous at best.

One court which has considered the issue before us favored the following "common sense interpretation" of the words "due date," concluding that the limitations period for filing a tax refund claim runs not from the date the return was originally due to be filed but from the extended due date:

*W.Va.Code,* 11–10–17(a) [1986].

---

7. *See W.Va.Code,* 11–10–15(a) [1986], *supra; W.Va.Code,* 11–10–18(a)(1) [1986], *supra;* and

A 'due date,' in plain English, is 'the particular day on or before which something must be done to comply with law or contractual obligation.' Black's Law Dictionary 500 (6th ed.1990). The 'due date' of a return means the time by which the return must legally be filed. In the case of a calendar year taxpayer, Conn.Gen.Stat. § 12–222(b) fixes that date as April 1, but subsection (c) of the same statute gives the Commissioner authority to grant a reasonable extension of time for filing a completed return. If an extension is granted until October 1, the due date of the return is October 1. This is plain English that every taxpayer would instinctively understand. Any other construction would not only be stilted but would be a trap for the unwary. The 'due date' of a return 'is that date when it is actually required to be filed.' *Langer v. Gray*, 73 N.D. 437, 15 N.W.2d 732, 735 (1944).

*Bilco Co. v. Commissioner of Revenue Services and Minnesota Mining and Manufacturing Co. v. Crystal, Commissioner* (consolidated for decision), 44 Conn.Supp. 90, 669 A.2d 647 (1995) (Conn.Super.Ct.) at p. 2 (upon tracing the various revisions of the statute requiring a corporate taxpayer to file a refund claim " 'within three years from the due date of the return[,]' " the court discovered that "the avowed purpose of all these changes was to conform to Federal law, which was (and still is, see 26 U.S.C. § 6511(a)) keyed to the actual filing date of the return." *Id.* at p. 1 and p. 4).[8]

 This Court has long followed "the historic rule that tax statutes are generally to be construed in favor of the taxpayer and against the taxing authority." *Consolidation Coal Co. v. Krupica*, 163 W.Va. 74, 80, 254 S.E.2d 813, 816 (1979), *citing Wooddell v. Dailey*, 160 W.Va. 65, 68, 230 S.E.2d 466, 469 (1976); *In re Estate of Evans*, 156 W.Va. 425, 430, 194 S.E.2d 379, 382 (1973); *Baton Coal Co. v. Battle*, 151 W.Va. 519, 525, 153 S.E.2d 522, 526 (1967). *See also Conoco, supra* at 380; 3A Norman J. Singer, *Statutes and Statutory Construction* (5th ed. 1992) § 66.01 ("Notwithstanding the crucial importance of tax revenues for the support of government and its services, it is a settled rule that tax laws are to be strictly construed against the state and in favor of the taxpayer. Where there is reasonable doubt of the meaning of a revenue statute, the doubt is resolved in favor of those taxed." (footnote omitted)). Accordingly, we hold that under *W.Va.Code*, 11–10–14(*l*)(1) [1978], a taxpayer who receives an extension of time to file a tax return and who subsequently claims to be entitled to a refund shall file such claim for refund within three years after the date the return was due to be filed pursuant to the extension of time to file.

For the reasons stated herein, the October 14, 1994 order of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.

---

**8.** *See Comptroller of the Treasury, Income Tax Division v. Diebold, Inc.*, 279 Md. 401, 369 A.2d 77 (1977); *Conoco, Inc. v. Iowa Department of Revenue and Finance*, 477 N.W.2d 377 (Iowa 1991), in which both courts reached the same conclusion based upon two factors: (1) their respective statutes regarding interest on refunds owed taxpayers by the state have been interpreted to run from the extended due date of the return rather than from the original due date; and (2) their respective state income tax laws are so closely linked to the Internal Revenue Code that to construe the limitations period in the state statutes differently than 26 U.S.C. § 6511(a) (1988), the comparable federal statute, "would produce the anomalous result that a refund of U.S. income taxes might not necessarily produce a refund of [state] income tax[.]" *Diebold*, 369

A.2d at 82. "This ... would be unreasonable and unfair." *Conoco*, 477 N.W.2d at 380.

The above reasoning of the *Diebold* and *Conoco* courts has only limited application to the case before this Court. *W.Va.Code*, 11–10–17(d) [1986], our provision requiring the state to pay interest on refunds owed taxpayers, requires that such interest be paid not from the extended due date of the return, but from "the date of the filing by the taxpayer of a claim for refund [.]" Moreover, while we find compelling the fact, stipulated by the parties, that the taxpayer received an extension of time to file both its state and federal corporate net income tax returns by filing a single *federal* form, we cannot say, on the record before us, that our holding is based upon the interdependence of our state tax laws and the Internal Revenue Code.