798 P.2d 413
**STATE of Arizona, Appellee,**

v.

**William E. FERGUSON, Appellant.**

**No. 1 CA–CR 89–1019.**

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 6, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Criminal Div., and Randall M. Howe, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GERBER, Judge.

This case presents the issue whether the trial court properly imposed restitution.

## FACTS

Appellant William E. Ferguson (defendant) was originally charged with stealing tools, wiring and equipment from his employer, other contractors and their custom- ... .. Many of the items were found at his .. ..se; these belonged to G & B Electric rguson's employer), L.M.B. Construc- .n, Allied Plumbing Company, Glendale .igh School and Golden Painting, Inc. .guson was subsequently indicted for .eft of G & B equipment and trafficking . G & B stolen property. At least some of .he stolen items found at his house were .eturned to their owners.

Ferguson entered into plea discussions with the state and agreed to plead no contest to theft and trafficking in stolen property. As part of the agreement on sentencing, Ferguson agreed to pay "restitution not to exceed $10,000." The restitution requirement was not more specific than this broad language. The state agreed to dismiss an allegation of a prior felony conviction and agreed not to bring any further theft charges. The trial court accepted Ferguson's pleas.

Two months later, the trial court held a mitigation and sentencing hearing. Ferguson testified that the stolen items found at his home had been returned. Both the state and Ferguson's public defender used a "restitution ledger sheet", part of the presentence report,[1] to examine Ferguson. The trial court sentenced defendant to two concurrent five year sentences of imprisonment and ordered him to pay $8,014.43 in restitution. This amount, first disclosed in the presentence report, was divided as follows: G & B Electric was to receive $1,000; G & B's insurer was to receive $5,912.13, and Glendale High School was to receive $1,102.30.

On appeal Ferguson contends that the restitution order is erroneous because restitution to the high school is improper. He also argues there was a lack of evidence to support the award. We agree on both issues.

## DISCUSSION

 Sentencing is within the discretion of the trial court and, if within statutory limits, will not be overturned unless clearly excessive. *State v. Gillies*, 142 Ariz. 564, 691 P.2d 655 (1984), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985). We review the case before us in this light.

Restitution may be entered against a defendant under two different statutes. The trial court failed to specify which statute applied. We accordingly analyze both. One statute specifies that restitution

---

. The restitution ledger sheet was not made part of the record on appeal. The presentence re- port apparently relied on this sheet to arrive at a restitution amount.

should be awarded to the victim of a criminal act:

> If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime or to the immediate family of the victim if the victim has died, in the full amount of the economic loss as determined by the court pursuant to chapter 8 of this title....

A.R.S. · § 13–603(C). *See also State v. French*, 166 Ariz. 247, 801 P.2d 482 (App. 1990). Here, Ferguson was indicted and pled no contest to theft of G & B's tools and trafficking in property stolen from G & B. Under this statute, G & B is the victim of the crimes for which Ferguson was convicted, not the high school.

The other restitution statute, A.R.S. § 13–804, reads as follows:

> Upon a defendant's conviction for an offense causing economic loss to any person, the court, in its sole discretion, may order that all or any portion of the fine imposed be allocated as restitution to be paid by the defendant to any person who suffered an economic loss as caused by the defendant's conduct.

Under this statute, the only "person" whose loss resulted from the conduct for which defendant was convicted was G & B Electric, not Glendale High School. Restitution to the high school is therefore improper under this statute as well.

■ The state argues that restitution awarded to the high school is proper because Ferguson implicitly agreed to pay the school restitution. The state draws this conclusion from the fact that Ferguson's attorney examined him at the restitution hearing using the restitution ledger sheet which disclosed the amount claimed by the high school.

A defendant may be ordered to pay restitution only for an offense that he has admitted, upon which he has been found guilty or on which he has agreed to pay restitution. *State v. Whitney*, 151 Ariz. 113, 114, 726 P.2d 210, 211 (App.1985). The fact that Ferguson's attorney used the restitution ledger sheet in examination is neither relevant nor reliable to prove Ferguson agreed to pay restitution to anyone. The ledger sheet was created as part of the presentence report,[2] not by Ferguson or his attorney. The ledger sheet listed G & B Electric, its insurance company and Glendale High School, with monetary figures next to each totalling $8,014.43. No implication can be drawn from an attorney's use of such a document, especially when, as here, it was used to attack its own validity. We find no relevant, reliable evidence supporting an implicit agreement to pay the restitution awarded to the high school.

■ Ferguson also complains that the trial court incorrectly awarded the other restitution amounts as well. At the restitution hearing, Ferguson presented uncontradicted evidence that many of the stolen items found in his yard were returned to their owners. This evidence was supported by the state's cross examination:

> Prosecutor: A couple questions, Mr. Ferguson. You talked about all this property that was returned. It also mentioned some copper wire. Of course, that copper wire wasn't returned?
>
> Defendant: No, sir, it was not. That's the thousand dollars for G and B.
>
> Prosecutor: In fact, all this property you talked about having been returned, you didn't actually return that yourself?
>
> Defendant: No, the Police Department did.
>
> ....

Evidence regarding the items returned is relevant to the amount of restitution Fer-

---

2. We question, too, whether a document prepared as part of a pre-sentence report can be used to imply an agreement to pay restitution. Rule 26.6 specifies that "(n)either a pre-sentence report nor any statement made in connection with its preparation shall be admissible as evidence in any proceeding bearing on the issue of guilt." 17 A.R.S. Rules of Crim.Proc., rule 26.-6(d)(2). We believe that this rule would make the ledger sheet unavailable as evidence where, as here, it would have the effect of punishing Ferguson as if he were charged and convicted of theft from the high school. More reliable evidence must be adduced to imply an agreement to pay restitution.

guson owes. The pre-sentence report does not reflect that the value of the items returned was considered in reaching the restitution amounts. The trial court also erred by failing to adjust the restitution amount by taking into account this uncontradicted evidence of items returned. We therefore vacate Ferguson's sentence of restitution and remand for resentencing only on these restitution matters.

CONTRERAS, P.J., and McGREGOR, J., concur.