488 S.E.2d 45

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Christopher WHETZEL, Defendant Below, Appellant.**

No. 23846.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1997.

Decided May 30, 1997.

Darrell V. McGraw, Jr., Attorney General, Molly M. McGinley, Assistant Attorney General, Charleston, for Appellee.

James Paul Geary, II, C. Carter Williams, Geary & Geary, L.C., Petersburg, for Appellant.

MAYNARD, Justice:

This is an appeal by Christopher Whetzel from an order of the Circuit Court of Hardy County sentencing him to one year in the county jail for the misdemeanor offense of being an accessory after the fact to second degree arson and also sentencing him to two consecutive terms of from one-to-five years in the state penitentiary on two charges of conspiracy to commit entering without breaking. The circuit court also ordered the appellant to make substantial restitution to the victims of the crimes charged. On appeal the appellant challenges the circuit court's restitution order and claims that the circuit court erred in entering that order. After

reviewing the issues presented and the documents filed in this case, this Court disagrees with the appellant. The judgment of the Circuit Court of Hardy County is, therefore, affirmed.

In late 1995 a grand jury in Hardy County returned a six-count indictment against the appellant charging him with committing various crimes in Hardy County in April, May and June 1995. The first count charged him with the second-degree burning of a barn owned by one Leonard Martin in April 1995. The second count asserted that he had engaged in the second degree arson of a structure owned by Hardy County Farm Services, Inc., in May 1995. The third count charged him with entering without breaking a store building owned by Hardy County Farm Services, Inc., in June 1995. The fourth count asserted that in June 1995 he had conspired with Chadrick Damon Crites to enter without breaking Hardy County Farm Services, Inc. The fifth count charged that in June 1995 he had attempted to enter without breaking the Hardy County Farm Services, Inc. store building, and the sixth count asserted that in June 1995 he had conspired with Chadrick Damon Crites to enter without breaking the Hardy County Farm Services, Inc. store.

Following the return of the indictment the appellant's attorney entered into plea negotiations with the Prosecuting Attorney of Hardy County. As a result of those negotiations, the parties entered into a plea bargain agreement under which the appellant agreed to plead guilty to being an accessory after the fact to the second degree arson of the Martin barn in April 1995, and also agreed to plead guilty to the two counts charging him with conspiracy to enter the Hardy County Farm Services, Inc. store building. The agreement provided that sentencing would be left to the discretion of the circuit court. It was stipulated that the appellant would pay restitution for the conspiracy offenses in the amount of $846.39. The agreement also specifically provided, "The State shall neither recommend nor oppose consecutive or concurrent sentencing and will leave such sentencing to the discretion of the Court."

The plea bargain agreement was presented to the Circuit Court of Hardy County, and the circuit court conducted a hearing at which the court questioned the defendant. In the course of the questioning the court asked the appellant: "You understand that the court could also order that you make full restitution to each of these victims, which would include the fire damage to the Martin barn and the fire damage to the Farm Services building? Understand that?" The appellant responded, "Yes, sir."

At the conclusion of the hearing the court accepted the appellant's guilty pleas, and directed that the appellant undergo evaluation. After the evaluation the court sentenced the appellant to one year in the county jail for being an accessory after the fact to the second-degree arson of the Martin barn. The circuit court also directed that the appellant serve two indeterminate consecutive sentences from one-to-five years in the penitentiary for the conspiracy convictions.

In conjunction with the proceedings the victims of the crimes charged filed victim impact statements. The victim's impact statement filed by Hardy County Farm Services, Inc., indicated that it had lost $800.00 or more in stolen merchandise as a result of the entering of its premises which occurred in June 1995. It also indicated that it had suffered a loss of $300,000.00 for the replacement of a feed mill, $21,982.54 for lost feed supplies, and around $31,714.40 for cleanup, which were the result of a fire which had occurred on its premises on May 22, 1995.

The victim's impact statement for the April 1995 burning of the Martin barn, submitted by Leonard Martin, indicated that Mr. Martin had lost $30,000.00 as a result of the fire.

In conjunction with the sentencing of the appellant the circuit court directed that he pay for the losses resulting from the two arsons. As previously indicated, the appellant had plead guilty to being an accessory after the fact to the arson of the Martin barn. The count relating to the arson of the Hardy County Farm Services property had been dropped.

Subsequent to the filing of this appeal, the circuit court on its own motion vacated that portion of its order directing the appellant to pay for the Hardy County Farm Services,

Inc., fire. The court, however, declined to vacate its prior order that the appellant pay $30,000.00 in restitution to Mr. Martin for the burning of Mr. Martin's barn.

As initially filed, the appellant challenged the court's order that he pay restitution to Mr. Martin for the burning of the Martin barn and to Hardy County Farm Services, Inc., for the burning of its premises. In view of the fact that the circuit court, following the filing of this appeal, did vacate the portion of the order directing restitution be made to Hardy County Farm Services, Inc., the appellant on appeal concedes that the sole issue remaining in this case is whether he can legally be required to pay $30,000.00 restitution to Mr. Martin for the burning of Mr. Martin's barn.

Legal authority for a circuit court to require a criminal defendant in West Virginia to make restitution to the victim of the crime is contained in W.Va.Code § 61–11A–4. A portion of that statute, W.Va.Code § 61–11A–4 (a) provides:

> The court, when sentencing a defendant convicted of a felony or misdemeanor causing physical, psychological or economic injury or loss to a victim, shall order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of the offense, unless the court finds restitution to be wholly or partially impractical as set forth in this article. If the court does not order restitution, or orders only partial restitution, under this section, the court shall state on the record the reasons therefor.

In arguing that he should not be required to make restitution in the present case, other than the $846.39 restitution which he agreed to pay in conjunction with the conspiracy charges, the appellant in the present proceeding claims that being an accessory after the fact to second degree arson, had no impact on the victim and that the nature of the crime of being an accessory after the fact precludes a restitution award.

The appellant's position is seemingly that an accessory after the fact can never be required to pay restitution.

In examining West Virginia's restitution statute, which has been previously quoted, we observe that the statute does not limit restitution to all crimes except accessory before the fact, but is inclusive in its direction that a court award restitution in all felony and misdemeanor convictions.

A number of other jurisdictions have addressed the question of whether restitution may be ordered when a defendant stands convicted of a crime somewhat different from that charged in the indictment. For instance in *Hawaii v. Johnson*, 68 Haw. 292, 711 P.2d 1295 (1985), the Hawaiian Court recognized that a defendant, apparently indicted for a major theft, but found guilty of theft in the third degree, a petty misdemeanor involving the theft of property worth $50.00 or less, could be required to pay $5,331.33, the actual loss incurred by the victim, because the purpose and intent of the restitution statute was to require the convicted person to repay society and his victims for his criminal acts.

Likewise, a Florida Court in *Pollreisz v. Florida*, 406 So.2d 1297 (Fla.Dist.Ct.App. 1981), recognized that one of several parties participating in the commission of the crime could be required to make full restitution for the aggregate losses suffered by the victim of the crime.

Similarly, in *Hebert v. State*, 600 So.2d 1293 (Fla.Dist.Ct.App.1992), the Florida court dealt with the question of how much restitution was payable by defendants who were charged with grand theft, but plead guilty to petit theft. Petit theft was the crime of theft of items having a value of $300.00 or less. The court subsequently required the defendants to pay restitution in the amount of $2,530.00. On appeal the defendants claimed that the trial court legally could require them to pay no more than $300.00 in restitution. The court of appeal rejected that claim. The court noted that the Florida restitution statute was a separate statute from the statute defining the criminal offense and indicated that the restitution statute, which dictated loss caused by the crime, rather than the law dictating the degree of the crime, should determine the level of restitution.

As previously indicated, West Virginia's restitution statute W.Va.Code § 61–11A–4(a) predicates an award of restitution upon a defendant's conviction of a felony or misdemeanor and upon the "physical, psychological or economic injury or loss to a victim."

■ This Court has recognized that:

> In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation.

Syllabus Point 2, *Smith v. State Workmen's Compensation Commissioner,* 159 W.Va. 108, 219 S.E.2d 361 (1975). See also Syllabus Point 3, *State ex rel. Fetters v. Hott,* 173 W.Va. 502, 318 S.E.2d 446 (1984), and Syllabus Point 3, *Lee v. West Virginia Teachers Retirement Board,* 186 W.Va. 441, 413 S.E.2d 96 (1991).

The legislative intent of the West Virginia Legislature in enacting West Virginia's restitution act is set forth in W.Va.Code § 61–11A–1, which provides in relevant part:

> The Legislature declares that the purposes of this article are ... to ensure that the state and local governments do all that is possible within the limits of available resources to assist victims ... of crime ...

W.Va.Code § 61–11A–1(b).

This Court believes that the clear intention of the Legislature in enacting W.Va.Code § 61–11A–4(a) was to enable trial courts to require convicted criminals to pay all losses sustained by victims in the commission of the crime giving rise to the conviction. Any other interpretation would run counter to the legislative intent that "all that is possible" be done, an intent set forth in W.Va.Code § 61–11A–1(b).

As previously indicated, other jurisdictions have recognized that their statutes establishing or defining criminal offenses are distinct from their restitution statutes. They have also recognized that the fact that a criminal has been convicted of a particular offense defined in a particular statute does not govern the question of restitution. Rather, the separate restitution statute governs the restitution question. As are the situations involved in the foreign jurisdictions cited, West Virginia's restitution statute is separate from the statutes establishing various offenses.

West Virginia's statute provides that one convicted of a crime causing economic injury or loss to a victim make restitution to the victim.

There is law in West Virginia indicating that being an accessory after the fact is not a wholly separate criminal offense. For instance, in *State ex rel. Brown v. Thompson,* 149 W.Va. 649, 142 S.E.2d 711 (1965), *cert. denied,* 382 U.S. 940, 86 S.Ct. 392, 15 L.Ed.2d 350 (1965), the court, while recognizing that an accessory before or after the fact may be prosecuted whether the principal has been brought to justice or not, held that the accessory prosecution remains contingent upon the fact of commission of the principal offense.

From this the Court concludes that charges of being an accessory are not independent, but to a certain extent, are entwined with, and partake of, the principal offense.

With this in mind, and with the legislative intent that the "state ... do all that is possible within the limits of available resources to assist victims ... of crime" in adopting the restitution statute, we believe that the only correct interpretation which will give effect to the general purpose of the legislation is that the Legislature, in adopting W.Va.Code § 61–11A–4 intended that accessories be required to make restitution for the physical, psychological or economic injury or loss to a victim caused by the commission of the principal offense.

■ In light of this, this Court believes that the appellant in the present proceeding, even though he was convicted of being an accessory after the fact, did share in responsibility for, and was properly required by the circuit court to make restitution for the losses arising from the arson of Mr. Martin's barn.

The Court notes that the appellant suggests that the circuit court erred in ordering restitution because the restitution requirement did not comport with the terms of his plea agreement.

■ The plea agreement in this case was not a binding plea agreement as within the meaning of West Virginia Rules of Criminal Procedure, Rule 11(e)(1)(C), because there was not an agreement as to a specific sentence. See *State ex rel. Brewer v. Starcher*, 195 W.Va. 185, 465 S.E.2d 185 (1995). To the contrary, both the State and the appellant clearly agreed to leave sentencing to the circuit court. Moreover, as previously indicated, in examining the appellant before accepting the plea bargain agreement, the court in this case specifically asked the defendant whether he understood that the court could require him to make full restitution to each of the victims which would include fire damage to the Martin barn. The defendant responded that he understood this.

For the reasons stated, the judgment of the Circuit Court of Hardy County is affirmed.

Affirmed.