IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2014 Term

_____

No. 13-0311

_____

FILED

**May 8, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

REBECCA F.,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Berkeley County
The Honorable Christopher C. Wilkes, Judge
Criminal Case No. 11-F-46

AFFIRMED

_____

Submitted: April 7, 2014
Filed: May 8, 2014

Christopher J. Prezioso, Esq.                    Cheryl K. Saville, Esq.
Luttrell & Prezioso, PLLC                        Assistant Prosecuting Attorney
Charles Town, West Virginia                      Martinsburg, West Virginia
Counsel for the Petitioner                       Counsel for the Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.    "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syllabus Point 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).

2.    "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syllabus Point 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

3.    W.Va. Code § 61-11A-4(a) [2006] contained in the *Victim Protection Act of 1984*, W.Va. Code § 61-11A-1 *et seq.* [1984], requires a circuit court, absent a finding of impracticality, to order a defendant convicted of a felony or misdemeanor causing psychological or economic injury or loss to a victim, to make restitution to the victim of the offense. W.Va. Code § 61-11A-4 does not contain specific factors a circuit court should consider when formulating a restitution award to a victim who suffers psychological or economic injuries pursuant to W.Va. Code § 61-11A-4(a). Therefore, a circuit court formulating a restitution award to a victim who suffers psychological or economic injuries pursuant to W.Va. Code § 61-11A-4(a), should

i

consider the factors set forth in W.Va. Code § 61-11A-5(a) [1984] of the *Victim Protection Act of 1984*. These factors include (1) the amount of the loss sustained by the victim as a result of the offense; (2) the financial resources of the defendant; (3) the financial needs and earning ability of the defendant and the defendant's dependents; and (4) such factors as the court deems appropriate.

Justice Ketchum:

Petitioner Rebecca F.[1] ("defendant") appeals the February 4, 2013, order of the Circuit Court of Berkeley County sentencing her to an effective five-year prison term and ordering her to pay restitution following her guilty plea to eight counts of identity theft. The defendant was ordered to pay restitution to six financial institutions and to the person whose identity she stole – her daughter. The defendant opened a number of fraudulent accounts in her daughter's name beginning when her daughter was fourteen years old.[2] At the time of sentencing, the defendant's daughter had reached the age of majority and these fraudulent accounts resulted in the daughter's credit rating being ruined.

On appeal, the defendant raises two assignments of error. She argues that the circuit court erred by (1) sentencing her to prison instead of placing her on probation or home confinement, and (2) ordering her to pay restitution to her daughter. The defendant has not challenged the circuit court's order that she pay restitution to the six financial institutions.

_____

[1] We adhere to our usual practice in cases involving sensitive facts and do not refer to the parties using their full names. *See In re Clifford K.*, 217 W.Va. 625, 619 S.E.2d 138 (2005).

[2] We refer to the defendant's daughter in this Opinion as "daughter" or "victim."

1

After review, we find no error and, accordingly, affirm the circuit court's sentencing order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2011, a Berkeley County Grand Jury indicted the defendant on eleven counts of child abuse with bodily injury in violation of W.Va. Code § 61-8D-3(a) [1996], and eight counts of identity theft in violation of W.Va. Code § 61-3-54 [1998]. The eight counts of identity theft alleged that the defendant fraudulently used her fourteen-year old daughter's identity (name, birth date, and social security number) "for the purpose of making financial or credit transactions" in her daughter's name. On April 2, 2012, the defendant entered an *Alford* guilty plea to the eight felony counts of identity theft.[3] The State recommended that the defendant receive a ten-year prison term and pay all of the restitution costs listed in the indictment.[4] The circuit court deferred sentencing

---

[3] As part of the plea agreement, the remaining felony counts for child abuse with bodily injury were to be scheduled for trial.

[4] The circuit court's order following the plea hearing included the following:

> The State will recommend that the defendant shall receive a sentence of five years in the penitentiary on each of the eight counts with a fine of one thousand dollars on each count. The State will however bind [sic] that the sentences shall run with four counts running concurrently with each

(continued . . .)

2

after the plea agreement and guilty plea were entered so that a presentence investigation report could be prepared. The court also ordered that the defendant undergo a diagnostic evaluation at the Lakin Correctional Center. After the presentence investigation report and diagnostic evaluation were completed, the circuit court held a sentencing hearing on January 14, 2013.

At the sentencing hearing, the circuit court heard the arguments of counsel, as well as statements from the defendant and the victim. At the time of the sentencing hearing, the victim had reached the age of majority. The circuit court did not follow the State's recommendation that the defendant be sentenced to serve a ten-year prison term. Instead, the circuit court sentenced the defendant to serve five years in prison.[5] Further,

---

> other but consecutive to the remaining four counts which shall also be concurrent with each other for an actual sentence of ten years. The Court may determine how the fines are to be assessed.
>
> The Defendant shall be responsible for all amounts owed as listed in the indictment whether or not they are charged off. The Defendant shall further be responsible for clearing all credit reports or costs associated with clearing the said credit reports of the victim related to these charges.

[5] The circuit court ordered the defendant to serve a determinant term of five years of incarceration on each of the eight felony counts. However, the court ordered that

> [T]he sentences in Counts 12, 13, 14, and 15 run concurrent with each other and the sentences ordered on Counts 16, 17, 18, and 19 run concurrent with each other. However, the

(continued . . .)

3

the circuit court ordered that the defendant pay restitution to the following financial institutions: $1,370.32 to Applied Bank; $1,114.98 to Barclay Card UC; $1,232.00 to Zenith Acquisition Corporation; $3,753.00 to Chase Card Services; $630.44 to HSBC Card Services; and $2,842.00 to SST/Columbus Bank and Trust. In addition, the circuit court ordered the defendant to pay $10,000.00 in restitution to her daughter "because of the attempts and time and the effort she has to make to try to rectify the wrongful credit aspect of [the identity theft]."

After entry of this sentencing order, the defendant filed the present appeal.

---

sentences on Counts 12, 13, 14, and 15 shall run consecutive to the sentences on Counts 16, 17, 18, and 19.

It is ORDERED that the defendant shall serve actual incarceration for counts 12 and 13 which is five years on each count running concurrent.

It is ORDERED that the sentences for Counts 14 and 15 are SUSPENDED for a five year term of probation, and the sentences for Counts 16, 17, 18, and 19 are SUSPENDED for a five year term of probation, which shall be consecutive to the term of probation for counts 14 and 15.

4

## II.

## STANDARD OF REVIEW

This Court's established standard of review for sentencing orders is set forth in Syllabus Point 1 of *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). It states:

> The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.

The issues upon which the defendant bases her appeal are statutory matters which are reviewed as questions of law. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III.

## ANALYSIS

The defendant raises two issues in this appeal. We address each of them in turn.

### A. Prison Sentence

The first issue raised by the defendant is that the circuit court erred by sentencing her to a five-year prison term instead of placing her on probation or home

confinement. In support of this argument, the defendant raises a number of factors —

including her lack of a previous criminal record, her education and employment history,

and her expression of remorse for committing the identity theft — that she argues weigh

in favor of placing her on probation[6] or home confinement. Additionally, the defendant

asserts that "there is currently extreme overcrowding in the West Virginia Division of

---

[6] With regard to the defendant's contention that she should have been granted probation, this Court explained in *State v. Duke*, 200 W.Va. 356, 364, 489 S.E.2d 738, 746 (1997), that:

> We have recognized that probation is a privilege of conditional liberty bestowed upon a criminal defendant through the grace of the circuit court. *See*, *e.g.*, *State ex rel. Winter v. MacQueen*, 161 W.Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977) ("'[A] defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions.'" (quoting *State v. Loy*, 146 W.Va. 308, 318, 119 S.E.2d 826, 832 (1961))); Syl. pt. 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972) ("Probation is a matter of grace and not a matter of right."); *State ex rel. Riffle v. Thorn*, 153 W.Va. 76, 81, 168 S.E.2d 810, 813 (1969) ("'Probation or suspension of sentence comes as an act of grace to one convicted of a crime[.]'" (quoting *Escoe v. Zerbst*, 295 U.S. 490, 492, 55 S.Ct. 818, 819, 79 L.Ed. 1566, 1568 (1935))); Syl. pt. 2, *State ex rel. Strickland v. Melton*, 152 W.Va. 500, 165 S.E.2d 90 (1968) ("Probation is not a sentence for a crime but instead is an act of grace upon the part of the State to a person who has been convicted of a crime.").

Corrections and that a reduced sentence would allow justice to be served while more quickly relieving the strained prison system of another inmate."

The defendant concedes, however, that the "sentence received . . . is within the statutory limits for [identity theft]. [Defendant] further recognizes that this Court has held that criminal sentences within the statutory limits of a crime, unless based on some impermissible factor, will not be subject to appellate review." The defendant also concedes that the circuit court did not base its sentence on an impermissible factor. Despite these concessions, the defendant asks this Court to reconsider our previous holding that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syllabus Point 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We decline the defendant's invitation to reconsider our prior holding.

This Court has consistently recognized that "the rule is that sentences imposed by the trial court, if within the statutory limits and if not based on some impermissible factor are not subject to appellate review." *State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981); *see, State v. Grimes*, 226 W.Va. 411, 422, 701 S.E.2d 449, 460 (2009); and Syllabus Point 9, *State v. Hays*, 185 W.Va. 664, 408 S.E.2d 614 (1991). Further, "[i]t is not the proper prerogative of this Court to substitute its judgment for that of the trial court on sentencing matters, so long as the appellant's sentence was within the statutory limits, was not based upon any impermissible factors,

7

and did not violate constitutional principles." *State v. Georgius*, 225 W.Va. at 722, 696 S.E.2d at 24.

The maximum statutory sentence for felony identity theft, in violation of W.Va. Code § 61-3-54, is five years in the penitentiary. W.Va. Code § 61-3-54 states

> Any person who knowingly takes the name, birth date, social security number or other identifying information of another person, without the consent of that other person, with the intent to fraudulently represent that he or she is the other person for the purpose of making financial or credit transactions in the other person's name, is guilty of a felony, and upon conviction, shall be punished by confinement in the penitentiary not more than five years, or fined not more than one thousand dollars, or both: Provided, That the provisions of this section do not apply to any person who obtains another person's drivers license or other form of identification for the sole purpose of misrepresenting his or her age.

The defendant pled guilty to eight counts of felony identity theft and faced a maximum forty-year prison sentence. In the plea deal, the State recommended that the defendant receive a ten-year prison sentence. The circuit court sentenced the defendant to serve five years in prison. Because it is undisputed that the defendant was sentenced within the statutory limits, and because the sentence was not based on an impermissible factor, we find that the circuit court did not abuse its discretion by sentencing the defendant to serve five years in prison.

### B. Restitution

The second issue raised by the defendant is that the circuit court erred by ordering that restitution be paid to the victim of the identity theft, her daughter. The

8

circuit court awarded $10,000.00 to the victim "because of the attempts and time and the effort she has to make to try to rectify the wrongful credit aspect of [the identity theft]. That not only takes time and money and things like that so it is a restorative restitution[.]"

The defendant states that the restitution award to the victim is not permissible under W.Va. Code § 61-11A-4 [2006] or W.Va. Code § 61-11A-5 [2006] of the *Victim Protection Act of 1984*, W.Va. Code § 61-11A-1 *et seq.* [1984] ("*Victim Protection Act*" or the "*Act*"). The defendant does not discuss these statutes in detail or cite any previous decisions from this Court in support of her argument. Instead, the defendant makes the general argument that "this $10,000.00 award of restorative restitution is punitive in nature and explicitly prohibited by the laws governing restitution." The defendant further asserts that "the State in no way met its burden of proving that the $10,000.00 award of restorative restitution was necessary or cognizable under W.Va. Code § 61-11A-5."

This issue requires us to examine the *Victim Protection Act*, W.Va. Code §§ 61-11A-1 to 8. The *Victim Protection Act* governs restitution to direct victims of crime in criminal cases. W.Va. Code § 61-11A-1 of the *Victim Protection Act* provides an extensive statement of the Legislature's intention "*to enhance and protect the necessary role of crime victims* and witnesses in the criminal justice process and to ensure that the

state and local governments *do all that is possible within the limits of available resources to assist victims* and witnesses of crime [.]" (Emphasis added).[7]

---

[7] The full text of W.Va. Code § 61-11A-1 is as follows:

> (a) The legislature finds and declares that without the cooperation of victims and witnesses, the criminal justice system would cease to function, yet too often these individuals are either ignored by the criminal justice system or simply used as tools to identify and punish offenders.

> The legislature finds further that all too often the victim of a serious crime is forced to suffer physical, psychological or financial hardship first as a result of the criminal act and then as a result of contact with a criminal justice system not totally responsive to the needs of such victims.

> The legislature finds further that under the current law, law-enforcement agencies must have cooperation from a victim of crime and yet neither the agencies nor the legal system can offer adequate protection or assistance when the victim, as a result of such cooperation, is threatened or intimidated.

> The legislature finds further that while the defendant is provided with counsel who can explain both the criminal justice process and the rights of the defendant, the victim or witness has no counterpart and is usually not even notified when the defendant is released on bail, the case is dismissed, a plea to a lesser charge is accepted or a court date is changed.

> The legislature finds further that the victim or witness who cooperates with the prosecutor often finds that the transportation, parking facilities and child care services at the

(continued . . .)

10

This Court examined the *Victim Protection Act* in *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997), and held that a circuit court should ordinarily order a criminal defendant to make full restitution to victims of his/her crime when permitted under the *Act*. Syllabus Point 2 of *Lucas* holds:

> Read in *pari materia*, the provisions of W.Va.Code, 61-11A-1 [1984], W.Va.Code, 61-11A-4(a) [1984], W.Va.Code, 61-11A-4(d) [1984], W.Va.Code, 61-11A-5(a) [1984] and W.Va.Code, 61-11A-5(d) [1984], establish that at the time of a convicted criminal defendant's sentencing, a circuit court should ordinarily order the defendant to make full restitution to any victims of the crime who have suffered injuries, as defined and permitted by the statute, unless the court determines that ordering such full restitution is impractical.

court are unsatisfactory and they must often share the pretrial waiting room with the defendant or his family and friends.

The legislature finds further that the victim may lose valuable property to a criminal only to lose it again for long periods of time to law-enforcement officials, until the trial and appeals are over; many times the property is damaged or lost, which is particularly stressful for the elderly or poor.

(b) The legislature declares that the purposes of this article are to enhance and protect the necessary role of crime victims and witnesses in the criminal justice process and to ensure that the state and local governments do all that is possible within the limits of available resources to assist victims and witnesses of crime without infringing on the constitutional rights of the defendant.

11

The Court in *Lucas* further held that there is a presumption in favor of an award of full restitution to crime victims. Syllabus Point 3 of *Lucas* holds:

> Under W.Va.Code, 61-11A-1 through -8 and the principles established in our criminal sentencing jurisprudence, the circuit court's discretion in addressing the issue of restitution to crime victims at the time of a criminal defendant's sentencing is to be guided by a presumption in favor of an award of full restitution to victims, unless the circuit court determines by a preponderance of the evidence that full restitution is impractical, after consideration of all of the pertinent circumstances, including the losses of any victims, the financial circumstances of the defendant and the defendant's family, the rehabilitative consequences to the defendant and any victims, and such other factors as the court may consider.

Additionally, in *State v. Whetzel*, 200 W.Va. 45, 488 S.E.2d 45 (1997), this Court stated that the *Victim Protection Act* "predicates an award of restitution upon a defendant's conviction of a felony or misdemeanor and upon the 'physical, psychological or economic injury or loss to the victim.'" 200 W.Va. at 48, 488 S.E.2d at 48. The Court further explained in *Whetzel* that

> the clear intention of the Legislature in enacting W.Va.Code § 61-11A-4(a) was to enable trial courts to require convicted criminals to pay all losses sustained by victims in the commission of the crime giving rise to the conviction. Any other interpretation would run counter to the legislative intent that 'all that is possible' be done, an intent set forth in W.Va.Code § 61-11A-1(b).

*Id*.

As stated in *Whetzel*, W.Va. Code § 61-11A-4(a) requires that a circuit court order a defendant convicted of a felony or misdemeanor, who causes physical,

12

psychological or economic injury to a victim, to pay full restitution to that victim, unless the court finds restitution to be wholly or partially impractical. W.Va. Code § 61-11A-4(a) states:

> (a) The court, when sentencing a defendant convicted of a felony or misdemeanor *causing physical, psychological or economic injury or loss to a victim, shall order*, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of the offense, unless the court finds restitution to be wholly or partially impractical as set forth in this article.
>
> If the court does not order restitution, or orders only partial restitution, under this section, the court shall state on the record the reasons therefor.

(Emphasis added).

In the present case, the defendant pled guilty to eight felony counts of identity theft. During the sentencing hearing, the victim described the psychological and economic injuries that she has suffered as a result of the defendant's identity theft:

> A mother and a daughter are supposed to have a trustworthy bond and my mother broke that bond in every possible way. Since I was 12 or 13 I have been getting calls from credit card companies. When I lived at my mother's house the children were not allowed to answer the phone, period, and if we did we got in a lot of trouble. Also, if we saw mail with our name on it we were not allowed to open it.
>
> When I was around 14 I saw the mail and I had a credit card with my name on it and I asked my mom what it was. She told me that they send you credit cards before you turn 18 in preparation for turning 18.
>
> When I moved into my father's house I started getting calls on my cellphone and at my grandpa's house all hours of the night, day and night, about bills that I owed that I had no

13

idea about.  I asked my mother if she knew what the calls were about and she said she did not know and wanted me to leave it at that.

I discovered that I could not rent a place due to my credit score and I had to rely on moving in with friends.

When the car that my father bought for me died and I needed to get a new one I could not get any financing and I had to borrow money from family.  I could not even get a gas card due to my credit.  To this day my family and I still get calls regarding bills that I owe.  I cannot get any loans of any kind.  I'm not even able to go to school right now due to this situation.  In addition, I have been turned down for multiple good paying jobs due to my credit report and it has taken me over a year to find a job that pays more than minimum wage.

In addition to the victim's statement, the presentence investigation report also described the psychological and economic injuries the victim suffered as a direct result of the defendant's identity theft.  Based on this evidence of psychological and economic injuries suffered by the victim, the circuit court concluded that an award of restitution was appropriate.  W.Va. Code § 61-11A-4(a) requires, absent a finding of impracticality, that a circuit court order a defendant to make restitution to any crime victim who has suffered a physical, psychological or economic injury.  Because there was a clear showing of psychological and economic harm suffered by the victim, we find that the circuit court did not abuse its discretion in awarding restitution to the victim.

The next issue we address is whether the amount of the restitution award was proper.  W.Va. Code § 61-11A-4(b) provides specific instruction to a circuit court

14

when formulating a restitution award resulting from property damage, bodily injury and

bodily injury causing death.[8] However, W.Va. Code § 61-11A-4(b) does not address the

---

[8] W.Va. Code § 61-11a-4(b) states:

(b) The order shall require that the defendant:

(1) In the case of an offense resulting in damage to, loss of, or destruction of property of a victim of the offense:

(A) Return the property to the owner of the property or someone designated by the owner; or

(B) If return of the property under subparagraph (A) is impossible, impractical or inadequate, pay an amount equal to the greater of: (i) The value of the property on the date of sentencing; or (ii) the value of the property on the date of the damage, loss or destruction less the value (as of the date the property is returned) of any part of the property that is returned;

(2) In the case of an offense resulting in bodily injury to a victim:

(A) Pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(B) Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

(C) Reimburse the victim for income lost by the victim as a result of the offense;

(continued . . .)

15

specific considerations a circuit court should undertake when formulating a restitution

award resulting from psychological or economic injuries or loss. W.Va. Code § 61-11A-

5(a) [1984], however, contains general considerations a circuit court should undertake

when determining whether to order restitution under the *Victim Protection Act* and in

determining the amount of restitution to award. W.Va. Code § 61-11A-5(a) states:

> The court, in determining whether to order restitution under this article, and in determining the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such factors as the court deems appropriate.

We therefore hold that W.Va. Code § 61-11A-4(a), contained in the *Victim*

*Protection Act,* requires a circuit court, absent a finding of impracticality, to order a

defendant convicted of a felony or misdemeanor causing psychological or economic

injury or loss to a victim, to make restitution to the victim of the offense. W.Va. Code §

---

(3) In the case of an offense resulting in bodily injury that also results in the death of a victim, pay an amount equal to the cost of necessary funeral and related services; and

(4) In any case, if the victim (or if the victim is deceased, the victim's estate) consents, or if payment is impossible or impractical, make restitution in services in lieu of money, or make restitution to a person or organization designated by the victim or the estate.

61-11A-4 does not contain specific factors a circuit court should consider when formulating a restitution award to a victim who suffers psychological or economic injuries pursuant to W.Va. Code § 61-11A-4(a). Therefore, a circuit court formulating a restitution award to a victim who suffers psychological or economic injuries pursuant to W.Va. Code § 61-11A-4(a) should consider the factors set forth in W.Va. Code § 61-11A-5(a) of the *Victim Protection Act*. These factors include (1) the amount of the loss sustained by any victim as a result of the offense; (2) the financial resources of the defendant; (3) the financial needs and earning ability of the defendant and the defendant's dependents; and (4) such factors as the court deems appropriate.

Applying this holding to the present case, the first factor we consider is the amount of loss suffered by the victim. The victim stated that the defendant's identity theft prevented her from obtaining student loans, housing, transportation and employment. While these damages are difficult to convert into a specific dollar amount, it is abundantly clear that the victim has suffered substantial psychological and economic damages as a result of the identity theft. As to the second factor, the defendant has not argued that she lacks the financial resources to comply with the restitution order. Similarly, the defendant has not argued that her financial needs or her earning ability would prevent her from complying with the restitution order. Based on these factors, we do not find that the circuit court abused its discretion by ordering the defendant to pay $10,000.00 in restitution to the victim.

17

Finally, we find that the circuit court's award of restitution to the victim is consistent with the general rationale behind restitution as set forth by the United States Supreme Court. In *Kelly v. Robinson*, 479 U.S. 36, 49 n.10 (1986), the Supreme Court stated:

> Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused. Similarly, the direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine.

Requiring the defendant to pay restitution to her daughter will force her to "confront, in concrete terms" the significant harm her actions have caused her daughter to suffer.

## IV.

## CONCLUSION

For the reasons set forth above, the February 4, 2013, order of the Circuit Court of Berkeley County is affirmed.

Affirmed.

18