No. 13-0982 - State of West Virginia v. Marty Atwell

LOUGHRY, Justice, concurring, in part, and dissenting, in part:

In a scant six-page opinion, the majority reverses the trial court's restitution order in the amount of $50,013.00 and remands the case to the trial court for a hearing to determine the "practicality" of an award of full restitution. While I agree with the reversal of the restitution order, I would do so on the basis that the restitution order far exceeds the loss sustained by the victim in relation to the offense for which the defendant was charged and convicted.

The State filed an information against the defendant charging him with one count of nighttime burglary by entering without breaking and one count of grand larceny for the theft of a stainless steel stove and refrigerator. There were no other charges in the information. A plea agreement was reached pursuant to which the defendant agreed to plead guilty to both counts and agreed to pay restitution for the stolen stove and refrigerator in an amount to be determined by Adult Probation.

A plea hearing was held on May 30, 2013. During this hearing, the trial court asked the defendant, "[t]ell me what you did that makes you feel you are guilty to Grand

1

Larceny." The defendant responded, "I went on the property and I removed a refrigerator and a stove." The prosecutor echoed the defendant's admission by stating that the defendant "stole a stainless steel refrigerator and a stove that was [sic] valued in excess of $1,000." The trial court accepted the defendant's guilty plea to both counts in the information.

On July 23, 2013, a sentencing hearing was held during which defense counsel objected to the Presentence Report prepared by Adult Probation to the extent that it set restitution in the amount in excess of $50,000.00. Defense counsel reminded the trial court that the defendant pled guilty to stealing a stove and a refrigerator[1] and asked that the Report "be corrected on the restitution part." Thereafter, the assistant prosecutor directed the trial court's attention to other items taken from the victim's home, referring to the defendant and "his conspirators" and accusing the defendant of stealing "an injured man's dead daughter's war medals."[2] Importantly, however, the defendant was never charged with stealing any items other than the stove and the refrigerator, nor was he charged with conspiracy.

In determining the amount of restitution, West Virginia Code § 61-11A-5 (2014) provides that

---

[1]The hearing transcript reflects that defense counsel mistakenly referred to the theft of a "*sink* and a refrigerator," rather than a *stove* and refrigerator.

[2]The victim had sustained a traumatic brain injury during the construction of his home and was residing out of state with his parents at the time of the offenses committed against him.

2

(a) [t]he court . . . in determining the amount of . . . restitution, shall consider the amount of *the loss sustained* by any victim *as a result of the offense*, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such factors as the court deems appropriate.

. . . .

(d) . . . The burden of demonstrating *the amount of the loss sustained by a victim as a result of the offense* shall be on the prosecuting attorney. . . .

*Id.* (emphasis added).   The appendix record is replete with references to the defendant's grand larceny offense as being his theft of a stove and a refrigerator, beginning with the charging instrument through the sentencing hearing.  As we explained in *State v. Whetzel*, 200 W.Va. 45, 488 S.E.2d 45 (1997), "[t]his Court believes that the clear intention of the Legislature . . . was to enable trial courts to require convicted criminals to pay *all losses sustained by victims in the commission of the crime giving rise to the conviction*."  *Id.*, at 48, 488 S.E.2d at 48 (emphasis added).

The loss sustained by the victim as a result of the defendant's offense of grand larceny was the value of a stainless steel stove and refrigerator, which I believe should have been the total amount of the trial court's restitution order.  A number of other jurisdictions addressing similar issues are in agreement.  *See Simmons v. State*, 205 S.W.3d 194, 197 (Ark. Ct. App. 2005) ("The trial court erred in ordering the appellant to pay restitution for the theft of times for which he had not been charged and to which he did not plead guilty or no

3

contest[]"); *State v. Ferguson*, 798 P.2d 413, 415 (Ariz. Ct. App. 1990) ("A defendant may be ordered to pay restitution only for an offense that he has admitted, upon which he has been found guilty or on which he has agreed to pay restitution[]"); *State v. Christman*, Nos. CA2009-03-007, C2009-03-008, 2009 WL 4810318, at *2 (Ohio Ct. App. Dec. 14, 2009) (finding that trial court erred by including in restitution order items of property that were not subject of defendant's conviction and were not included in indictment or bill of particulars, explaining that "trial court is restricted to awarding restitution only for those acts which constitute the crime for which the defendant has been convicted and sentenced[]"); *State v. Colon*, 925 N.E.2d 212, 216 (Ohio Ct. App. 2010) (reversing restitution order for theft-related items where defendant was indicted, tried, and convicted only for aggravated arson on basis that "[a] restitution award must be limited to those acts that constitute the crime of conviction"); *State v. Cass*, No. A11-2279, 2013 WL 141629 (Minn. Ct. App. Jan. 14, 2013) (reversing restitution order to extent full amount not directly related to conduct for which appellant was convicted).

In the instant appeal, the State argues that the trial court's restitution order should be affirmed because the defendant's plea agreement provides that he will pay restitution "in an amount to be determined by the Adult Probation Department," and because Adult Probation later set restitution in the amount of $50,013.00, he was responsible for that amount. Logic dictates, however, that the defendant believed that he was agreeing to Adult

4

Probation determining the value of the stove and the refrigerator—the only items to which he had agreed to plead guilty to stealing, as defense counsel's argument at the sentencing hearing demonstrates. There is simply nothing in the plea agreement to indicate that the defendant was agreeing to pay restitution for *all* items ever stolen from the victim by other persons on any occasion and at any point in time. In fact, the record reflects that multiple items were stolen from the victim's home and that other persons may have been charged with some of those offenses.

While the law of this state provides that restitution is to be in the amount of the loss sustained by any victim as a result of the offense,[3] I do recognize that a defendant could agree to a greater amount as a part of his or her plea negotiations. In *State v. Cummings*, 214 W.Va. 317, 322 n. 4, 589 S.E.2d 48, 53 n. 4 (2003),

> [w]e tangentially note[d] that situations may arise in which, through the process of plea bargaining, a defendant and the State might propose a plea bargain which includes restitution for offenses contained in the indictment to which the defendant had not pled guilty. In such instance, the inclusion of such other items of restitution would rest within the sound discretion of the lower court in its consideration of the plea bargain agreement.

*Id.*, at 322 n. 4, 589 S.E.2d at 53 n. 4. Although we noted in *Cummings* that through the process of plea negotiations, a criminal defendant could agree to pay restitution for the loss caused by other offenses charged in the indictment, but to which the defendant had not pled

---

[3]*See* W.Va. Code § 61-11A-5.

guilty, in the case at bar, the defendant pled guilty to *all* charges in the information. *Id.*

Consequently, there were no other offenses in the charging document to which the parties

could have contemplated extending restitution through their plea negotiations.[4] *See Id.*; *see*

*also Killion v. Commonwealth*, No. 2013-CA-000501-MR, 2014 WL 3021316 * 3 (Ky. App.,

July 3, 2014) ("a trial court may not order a criminal defendant to pay restitution to a victim

of a crime for which he was not convicted *unless* the defendant freely and voluntarily agrees

to make restitution for other crimes as part of the plea agreement."). Had the State negotiated

a plea securing the defendant's agreement to pay restitution in an amount that covered *all*

items stolen from the victim, then surely its written plea agreement would have expressly set

forth such agreement. As we have previously explained, "the burden of insuring both

precision and clarity in a plea agreement is imposed on the State." *See* Syl. Pt. 3, in part, *State*

*ex rel. Thompson v. Pomponio*, 233 W.Va. 212, 757 S.E.2d 636 (2014).

        To be clear, I firmly believe that a criminal defendant should be required to pay

restitution in an amount that fully compensates his or her victim for the loss sustained as a

result of the offense. *See* W.Va. Code § 61-11A-5. If the State believed that other items

---

[4]While *Cummings* contemplates the negotiation of a plea agreement that provides for restitution covering offenses in the charging instrument to which a defendant will not plead guilty, I see no reason why that concept could not be taken a step further. In other words, other than securing a criminal defendant's agreement, I see no obvious impediment to the State negotiating a plea that includes restitution for other items stolen from the victim particularly where, as here, the State believes that the defendant was involved in the theft of those other items.

6

should have been included in the grand larceny charge, the State could have included those other items. For whatever reason or purpose, it did not. Consequently, on remand,[5] I believe the trial court should determine the appropriate amount of restitution based on the "loss sustained by [the] victim as a result of the offense" for which the defendant was charged and convicted: grand larceny for the theft of a stainless steel stove and refrigerator.[6] *See Id.*

For the foregoing reasons, I respectfully concur, in part, and dissent, in part, to the majority's decision in this case.

---

[5]The majority's wholesale remand will arguably give the defendant a second opportunity to present evidence of his ability, or inability, to pay restitution as the trial court considers the "practicality" of the amount of restitution. However, there is nothing in the appendix record to indicate that the defendant was prevented from offering such evidence at his sentencing hearing, although it was his evidentiary burden to do so. *See* W.Va. Code § 61-11-A-5(d) ("The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant."). Because the defendant neither offered such evidence nor sought a continuance for the purpose of doing so, I do not believe that he should get a second bite at that apple.

[6]The appendix record reflects that the trial court has the information necessary to set the value for these two items. Attached to the Presentence Report is a list prepared by the victim's family of the items stolen and the value of those items. This list includes a refrigerator valued at $2,800.00 and a stove valued at $4,000.00.

7