# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-1282** (Harrison County 13-F-90)

**Kyle Lee Hawkins, Defendant Below,**
**Petitioner**

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kyle Lee Hawkins, by counsel Timothy V. Gentilozzi, appeals the Circuit Court of Harrison County's December 6, 2013, "Order Following Restitution Hearing and Modifying Period and Terms of Probation" following his conviction of unlawful taking of a vehicle ("joyriding") and conspiracy to unlawfully take a vehicle. The State of West Virginia, by counsel Christopher S. Dodrill, filed a response. Petitioner filed a reply to the State's response. On appeal, petitioner argues that the circuit court erred in denying his motion for a directed verdict on the grand larceny charge. Further, petitioner argues that the circuit court erred in ordering him to pay restitution.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, petitioner was indicted on one count of grand larceny under West Virginia Code § 61-3-13(a), one count of conspiracy to commit grand larceny under West Virginia Code § 61-3-13(a) and § 61-10-31, one count of third-degree arson under West Virginia Code § 61-3-3 and § 61-10-31, and one count of causing injuries during an arson under West Virginia Code § 61-3-7. In August of 2013, petitioner was acquitted of the crimes as indicted but was found guilty of the lesser included offenses of unlawful taking of a vehicle ("joyriding") and conspiracy to unlawfully take a vehicle. At trial, petitioner made a motion for directed verdict on the charges of grand larceny and conspiracy to commit grand larceny. Petitioner argued that the State had not presented *prima facia* evidence that he intended to permanently deprive the victim of her vehicle, one of the necessary elements of grand larceny. Petitioner also argued that there was no conspiracy because there was no formal agreement between the petitioner and the co-defendants. The circuit court denied his motion at trial. Petitioner was sentenced in October of 2013, to a two-year term of probation. He was also ordered to pay $9,612 in restitution. On December 19, 2013, petitioner filed a notice of appeal on his joyriding conviction and restitution order. This appeal followed.

1

On appeal, petitioner first asserts a challenge to the sufficiency of the evidence and argues the circuit court erred in denying the motion for directed verdict.[1] When faced with a motion for directed verdict, the circuit court "must view the evidence in the light most favorable to the State." Syl. Pt. 1, *State v. Fischer*, 158 W.Va. 72, 211 S.E.2d 666 (1974).

> A criminal defendant challenging the sufficiency of evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution.

Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E. 2d 163 (1995).

Petitioner argues that this Court should reverse his joyriding conviction because the circuit court refused to direct a verdict on the grand larceny charge. However, petitioner can identify no reversible error because he was not convicted of grand larceny but of the lesser-included offense of joyriding.[2] Petitioner admitted at trial that he participated in the theft of the vehicle and testified to being present when the car was set on fire. The circuit court's rejection of petitioner's motion for directed verdict was proper because the State presented sufficient evidence to send the charge to the jury. Contrary to petitioner's argument, "a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find beyond a reasonable doubt[.]" *Id.* Furthermore, "[c]redibility determinations are for a jury and not an appellate court." *Id.* Petitioner was ultimately convicted of the lesser included offense of joyriding and was acquitted on the grand larceny charge. Thus, petitioner cannot show that he suffered any prejudice from the circuit court's ruling. The jury agreed with petitioner and found insufficient evidence to sustain a conviction of grand larceny

---

[1] At trial, petitioner disputed the classification of joyriding as a lesser-included offense of grand larceny. The circuit court cited *State ex rel, D.D.H. v. Dostert,* 165 W.Va. 448, 269 S.E.2d, 401 (1908) holding that joyriding is a lesser included offense of grand larceny. Petitioner offers no other contrary authority.

[2] According to West Virginia Code §61-3-13, a person commits grand larceny "if a person commits simple larceny of goods or chattels of the value of one thousand dollars or more, such person is guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars." Further, West Virginia Code §17A-8-4 states that "[a]ny person who drives a vehicle, not his or her own, without consent of the owner thereof, and with intent temporarily to deprive said owner of his or her possession of such vehicle, without intent to steal the same, is guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving, is guilty of a misdemeanor" joyriding.

against him and instead found him guilty of joyriding.[3] Therefore, we find that the circuit court did not abuse its discretion in denying petitioner's motion for a directed verdict on the charge of grand larceny.

Petitioner's second assignment of error is that the circuit court erred in ordering petitioner to pay restitution. This Court "reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Further, "the circuit court's discretion in addressing the issue of restitution to crime victims at the time of a defendant's sentencing is to be guided by a presumption in favor of an award of full restitution to victims[.]" Syl. Pt. 3, in part, *State v. Cummings*, 214 W.Va. 317, 589 S.E.2d 48 (2003). Petitioner argues that the circuit court abused its discretion in ordering him to pay one-third of the damage to the stolen vehicle. We disagree. The damage to the vehicle was a foreseeable consequence of petitioner's crime, which ultimately what led to the vehicle's damage.

West Virginia Code § 61-11A-4 requires restitution in any case involving physical, psychological, or economic harm. The restitution statute "enable[s] trial courts to require convicted criminals to pay all losses sustained by victims in the commission of the crime giving rise to the conviction." *State v. Whetzel*, 200 W.Va. 45, 48, 488 S.E.2d 45, 48 (1997). The same rationale applies here. Restitution has a statutory scheme separate and apart from the underlying crime and conviction. It is the "loss caused by the crime [that] should determine the level of restitution." *See State v. Cummings*, 214 W.Va. 317, 321-22, 589 S.E.2d 48, 52-53 (affirming restitution for losses although the losses flowed from, but were not directly related to, crimes of conviction). As such, we find no error in the circuit court's order of restitution.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]According to the trial transcript, the circuit court asked petitioner if he wanted the circuit court to give the jury an instruction on joyriding and petitioner answered in the affirmative.