# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 14-0474** (Berkeley County 11-F-46)

**Rebecca Ferguson,**
**Defendant Below, Petitioner**

**FILED**

February 6, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rebecca Ferguson, by counsel Christopher J. Prezioso, appeals the "Amended Plea Sentencing Order" entered by the Circuit Court of Berkeley County on April 3, 2014, following petitioner's no contest plea to five felony counts of child abuse resulting in injury. The State of West Virginia, by counsel Cheryl K. Saville, filed a response. The circuit court sentenced petitioner to an effective sentence of one to five years on home incarceration. Petitioner appeals her sentence inasmuch as the circuit court also ordered that she be subjected to ten years of supervised release.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February 2011, petitioner was indicted on eleven felony counts of child abuse with bodily injury and eight felony counts of identity theft. In April 2012, petitioner pled guilty to the eight identity theft counts and, ultimately, the circuit court suspended all but five years of incarceration on those charges and ordered that she make restitution to various financial institutions and the victim, her daughter.[1]

On September 18, 2013, pursuant to a binding plea agreement, petitioner pled no contest to five of the eleven counts of child abuse resulting in injury, as alleged in the above-referenced indictment. Each of the counts to which petitioner pled no contest alleged a violation of West Virginia Code § 61-8D-3(a)[2] and involved one of petitioner's five different children in each

---

[1] This Court affirmed petitioner's sentence with respect to the identify theft convictions in a published opinion, *State v. Rebecca F.,* 233 W.Va. 354, 758 S.E.2d 558 (2014).

[2] West Virginia Code § 61-8D-3(a) provides that

count. Specifically, Count 2 alleged that in 2005 petitioner struck the face of one of her children, resulting in injury; Counts 4, 9, and 11 alleged that in 2003 and 2007 petitioner struck three of her children with a belt, causing injuries; and Count 5 alleged that in 2007 petitioner grabbed her child, causing an injury.

By its "Amended Plea Sentencing Order," entered on April 3, 2014, the circuit court sentenced petitioner to one to five years of incarceration[3] for each of the five child abuse counts, to which she pled no contest, to run concurrently with one another. The circuit court ordered that the sentence for the child abuse convictions run consecutively to the previously-imposed sentence for the identity theft convictions. The circuit court further ordered that petitioner register under the Child Abuse Registry for ten years upon her release from incarceration. Important for the purposes of the present appeal, the circuit court also imposed a ten-year period of supervised release pursuant to West Virginia Code § 62-12-26. Petitioner now appeals to this Court, challenging the imposition of supervised release.

"The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982). However, "[t]he constitutionality of a statute is a question of law which this Court reviews *de novo.*" Syl. Pt. 1, *State v. Rutherford,* 223 W.Va. 1, 672 S.E.2d 137 (2008).

On appeal, petitioner raises two assignments of error. First, she argues that the imposition of supervised release constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article III of the West Virginia Constitution. Second, she argues that her sentence violates due process. Petitioner's two assignments of error are premised on the same argument – that her sentence is unconstitutional because West Virginia Code § 62-12-26 only permits the imposition of supervised release for sexual offenses. In support, petitioner points to the title of the statute, "Extended supervision for certain sex offenders; sentencing; conditions; supervision provisions; supervision fee."

However, the plain language of West Virginia Code § 62-12-26 indicates otherwise. Subsection (a) provides, in pertinent part, as follows:

> [i]f any parent, guardian or custodian shall abuse a child and by such abuse cause such child bodily injury as such term is defined in section one, article eight-b of this chapter, then such parent, guardian or custodian shall be guilty of a felony and, upon conviction thereof, shall be fined not less than one hundred nor more than one thousand dollars and committed to the custody of the division of corrections for not less than one nor more than five years, or in the discretion of the court, be confined in the county or regional jail for not more than one year.

[3] The circuit court permitted petitioner to serve her sentence on home incarceration.

> Notwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b, eight-c or *eight-d* of said chapter shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years[.]

(Emphasis added).

Clearly, the Legislature authorized the imposition of supervised release for a violation of Article 8D of Chapter 61 of the West Virginia Code, the offense to which petitioner pled no contest. Petitioner's overly-narrow interpretation of the statute finds no support in our case law or the statute itself.[4] Accordingly, under the limited facts and circumstances presented in this case, we see no error in the circuit court's sentencing order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] In her brief, petitioner acknowledges that a violation of West Virginia Code § 61-8D-3 is a qualifying offense under West Virginia Code § 62-12-26. Nevertheless, petitioner contends that the inclusion of non-sex offenses in the statute must have been by legislative accident or mistake. We decline to draw such a conclusion in this case.