# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: The Marriage/Children of:**

**Rebecca F.,**
**Respondent Below, Petitioner**

**vs)** **No. 16-0991** (Berkeley County 16-D-71)

**James J.,**
**Petitioner Below, Respondent**

**FILED**

**September 1, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rebecca F.,[1] pro se, appeals the September 21, 2016, order of the Circuit Court of Berkeley County affirming the July 28, 2016, order of the Family Court of Berkeley County that allocated 100% of custodial responsibility for the parties' minor child to respondent because of petitioner's incarceration. Respondent, by counsel Dale A. Buck, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties never married, but have a six-year-old child together. On February 4, 2016, respondent filed a petition in the Family Court of Berkeley County requesting that he be allocated 100% of custody responsibility for the parties' child because of petitioner's incarceration. Previously, petitioner was convicted in the Circuit Court of Berkeley County of eight counts of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

identity theft and five counts of child abuse by a parent resulting in injury to her children from prior relationships.[2]

On March 4, 2016, petitioner filed a motion for appointment of counsel and a motion for her transportation to any hearing held in this case. The family court did not rule on petitioner's motions before holding an initial hearing on respondent's petition on March 30, 2016. Consequently, petitioner did not appear for that hearing. By order entered on April 8, 2016, the family court appointed a guardian ad litem ("GAL") for petitioner because of her incarcerated status, appointed a GAL for the parties' child, and set the matter for a final hearing on June 30, 2016.

By order entered on April 29, 2016, the family court denied petitioner's motions for appointment of counsel and for her transportation to the June 30, 2016, final hearing, and reversed that portion of its April 8, 2016, order that appointed a GAL for petitioner. The family court found that it could decide the issue of custodial responsibility for the parties' child without petitioner's presence at the final hearing and without the appointment of an attorney or a GAL to represent her.

Following the final hearing, the family court allocated 100% of custodial responsibility for the parties' child to respondent based on a finding that it was in the child's best interests, "pending further order of the [c]ourt." Petitioner appealed the family court's July 28, 2016, order to the circuit court. Petitioner alleged that the family court denied her due process of law by (1) failing to enter a scheduling order for the proper management of the parties' case; (2) denying her motion for appointment of counsel; (3) denying her motion to be transported to the March 30, 2016 hearing; and (4) refusing to order her transportation to the June 30, 2016, final hearing,[3] which led to an erroneous allocation of custodial responsibility. On a September 21, 2016, appeal checklist completed by the circuit court, the court found that visitation was not an issue in the case.

By order entered on September 21, 2016, the circuit court affirmed the family court's allocation of 100% of custody responsibility for the parties' minor child. The circuit court found that petitioner's projected release date from prison was not until August of 2024 and that,

---

[2]This Court affirmed petitioner's sentence with regard to her identity theft convictions in *State v. Rebecca F.* ("*Rebecca F. I*"), 233 W.Va. 354, 356, 758 S.E.2d 558, 560 (2014). In *State v. [Rebecca F.]* ("*Rebecca F. II*"), No. 14-0474, 2015 WL 508172, at *2 (W.Va. February 6, 2015) (memorandum decision), this Court affirmed the circuit court's imposition of a term of supervised release as part of petitioner's sentence regarding her child abuse convictions, the violation of which later caused her re-incarceration. According to the record in *Rebecca F. II*, of which we take judicial notice, the circuit court found that petitioner was "an abusing parent as to the children [referenced] in the indictment." However, petitioner's plea agreement contemplated her returning to the same household as the parties' child, "subject to random checks of the child and the home."

[3]In complaining that she was not allowed to attend the June 30, 2016, final hearing, petitioner also alleged that she did not have notice of that hearing.

accordingly, neither petitioner's presence at the June 30, 2016, final hearing or an attorney/GAL to represent her would have changed the result of that hearing. The circuit court determined that petitioner would be entitled to counsel if the instant case included the termination of her parental rights, but that this case involved solely the issue of custodial responsibility.[4] The circuit court noted that, once petitioner is released from prison, she may file a petition to modify the allocation of custodial responsibility set forth in the family court's July 28, 2016, order. Petitioner now appeals from the circuit court's September 21, 2016, order.

We review the matter under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). "Although parents have substantial rights that must be protected, the primary goal in cases involving . . . family law matters . . . must be the health and welfare of the children." Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996); *see also Michael K .T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (finding that "the best interests of the child is the polar star by which decisions must be made which affect children.").

On appeal, petitioner concedes that it is "not possible" for her to have custody of the parties' child because of her incarceration and that, if she does not obtain release on parole or post-conviction relief, she will not discharge her sentence until 2024. Given a similar finding made by the circuit court, we accept petitioner's concession and conclude that the family court properly found that the allocation of 100% of custodial responsibility to respondent was in the child's best interests.[5]

Notwithstanding her concession, petitioner contends that we should reverse the circuit court's September 21, 2016, order and remand the parties' case to the family court for a hearing to address whether she should have some form of limited visitation with their child during her incarceration as well as input into his upbringing and education. However, we concur with the

---

[4]In syllabus point 1 of *State ex rel. Lemaster v. Oakley*, 157 W.Va. 590, 203 S.E.2d 140 (1974), we held that, "[i]n child neglect proceedings which may result in the termination of parental rights to the custody of natural children, indigent parents are entitled to the assistance of counsel because of the requirements of the Due Process clauses of the West Virginia and United States Constitutions."

[5]In syllabus point 8 of *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991), we held that we will accept a party's concession only after our own independent review of the issue.

3

circuit court's finding that this case involved solely the issue of custodial responsibility. We further agree with both the circuit court and respondent that petitioner may file a petition in the family court for modification of that court's July 28, 2016, order for good cause shown.[6]

For the foregoing reasons, we affirm the circuit court's September 21, 2016, order upholding the family court's July 28, 2016, order that allocated 100% of custody responsibility for the parties' minor child to respondent.

Affirmed.

**ISSUED:** September 1, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[6]Rule 50 of the West Virginia Rules of Practice and Procedure for Family Court provides that "[a] petition for modification shall be in writing, specify facts which demonstrate good cause for relief, be filed with the circuit clerk, and sent to all parties."

4